UNITED STATES of America, Plaintiff,

v.

Louis C. JOHNSON, Defendant.
Cr. No. 5028.

United States District Court
E. D. Texas, Beaumont Division.
June 18, 1956.

William M. Steger, U. S. Atty., Harlon E. Martin, Asst. U. S. Atty., Tyler, Tex., for plaintiff.

Louis C. Johnson, pro se.

SHEEHY, Chief Judge.

The matter now before the Court is Defendant's Third Motion to Vacate or Correct Sentence that he has filed in this case. On April 2, 1954, the Defendant appeared before this Court and entered pleas of guilty to Counts One and Two of an information after the Defendant had duly waived a Grand Jury indictment and agreed to be prosecuted on an information filed by the United States Attorney. Count One charged Defendant with forging the endorsement of the payee of a check on the Treasurer of the United States in the amount of $92.52 in violation of Title 18 U.S.C. § 495. Count Two charged Defendant with stealing a letter (which letter contained the check in the amount of $92.52, above referred to) in violation of Title 18 U.S.C. § 1708. Both offenses occurred on or about May 16, 1952. Upon his pleas of guilty Defendant was sentenced to five years in prison on Count One and two years in prison on Count Two, with the sentences to run consecutively. Defendant is now in prison in the United States Penitentiary at Leavenworth, Kansas, pursuant to the sentence imposed on Count One.

On February 26, 1956, Defendant wrote the Court a letter in which he called to the Court's attention that the sentence imposed on Count Two was in excess of the sentence allowed by law at the time the Defendant committed the offense and requested the Court to correct the sentence imposed on Count Two. The Court treated said letter as a Motion to Vacate or Correct Sentence as authoried by Title 28 U.S.C. § 2255 and set the matter down for hearing. A Writ of Habeas Corpus Ad Prosequendum requiring the production of Defendant before the Court was issued and Defendant was brought before this Court on April 9, 1956, at which time the Court vacated and set aside the sentence theretofore imposed on Defendant on Count Two and then and there sentenced Defendant to one year in prison on Count Two, with that sentence to be consecutive to the sentence theretofore imposed on Count One, and ordered said sentence of one year imposed on Count Two suspended for a period of two years and placed the Defendant on active probation with reference to that sentence, with the probation to commence upon the expiration of the sentence imposed on Count One.

Defendant's instant Motion to Vacate or Correct Sentence is directed to the last mentioned sentence imposed on Count Two. Defendant contends that the last mentioned sentence imposed on Count Two is illegal in that Count Two of the information does not state an offense under Title 18 U.S.C. § 1708 because the value of the letter referred to in that count as having been stolen by Defendant is not stated. Defendant further contends that this Court was without au-

thority to probate the last mentioned sentence imposed on Count Two.

At the time Defendant committed the offense charged in Count Two the maximum prison sentence authorized for violation of Title 18 U.S.C. § 1708, when the value or face value of the article stolen did not exceed $100, was one year. On July 1, 1952, said Sec. 1708 was amended so as to allow a maximum prison sentence of five years irrespective of the value of the article stolen. The fact that this amendment was made subsequent to the date of the offense charged in Count Two was overlooked by the Court at the time Defendant was originally sentenced, but when the date of this amendment was called to the Court's attention on April 9, 1956, which was before Defendant started serving the sentence imposed on Count Two, the Court promptly corrected the sentence imposed on Count Two in the manner above mentioned.

■ It has been stated that the test of the sufficiency of an indictment on a Motion to Vacate Sentence is whether the indictment by any reasonable construction can be said to charge the offense for which the sentence was imposed.[1] Assuming that this Court can consider on the merits Defendant's complaint that Count Two of the information is insufficient to the same extent as an appellate court reviewing such an alleged error, Count Two of the information is sufficient by the standards which would be applied upon review by appeal. Count Two is drafted substantially in the language of the statute involved except that there is an omission of any allegation with respect to the value of the stolen letter. Under the provisions of Title 18 U.S.C. § 1708 in effect at the time Defendant committed the offense charged in Count Two, the value of the letter stolen was material only on the question of maximum punishment authorized. In

Tinder v. United States, 345 U.S. 565, 73 S.Ct. 911, 97 L.Ed. 1250 it was held that the failure and omission of the indictment to allege value of the letters stolen from the mail precluded the trial court from imposing a sentence in excess of the misdemeanor penalty provision of the statute. Under that decision Count Two must be construed as charging a misdemeanor and since the sentence on that count as corrected by this Court on April 9, 1956, was a sentence authorized for a misdemeanor by said Sec. 1708 prior to its July, 1952, amendment, the fact that Count Two did not allege the value of the letter stolen by Defendant is immaterial.

Since the sentence imposed on Count Two on April 9, 1956, as aforesaid, has not yet become effective, it is doubtful that Defendant can test the legality of such sentence at this time by the motion here under consideration.[2] However, since the question of this Court's right to suspend the sentence imposed on Count Two on April 9, 1956, and to order Defendant placed on probation in connection with said sentence and at the expiration of the sentence imposed on Count One of the information has been raised, I will pass on the question.

■ The Constitution and laws of the land do not require that sentencing be a game in which a wrong move by the Judge means immunity for the prisoner. It is well settled that the Court has the right to substitute a legal sentence for an unauthorized sentence and that this may be done even after the commencement of service of the unauthorized sentence.[3] Defendant's contention that this Court did not have the right to substitute a valid sentence for the original sentence imposed on Count Two and suspend the subsequent sentence and order Defendant placed on probation as to that sentence is wholly without merit.

1. Byers v. United States, 10 Cir., 175 F. 2d 654.

2. Crow v. United States, 9 Cir., 186 F.2d

705, and United States v. Bradford, 2 Cir., 194 F.2d 197.

3. Bozza v. United States, 330 U.S. 160, 67 S.Ct. 645, 91 L.Ed. 818.

For the reasons hereinabove indicated, Defendant's Motion to Vacate Sentence filed herein on June 4, 1956, will be denied.