432 So.2d 323 (1983)
STATE of Louisiana
v.
Rod COLEMAN.
No. 82 KJ 0900.
Court of Appeal of Louisiana, First Circuit.
May 17, 1983.
*324 Ossie B. Brown, Dist. Atty. Baton Rouge, by Robert H. Hester, Asst. Dist. Atty., for plaintiff-appellee.
Paula Cobb, Baton Rouge, for defendant-appellant.
Before PONDER, SAVOIE and CRAIN, JJ.
PONDER, Judge.
Defendant, Rod Coleman, was charged by bill of information with attempted first degree murder in violation of La.R.S. 14:27 and 14:30. Following a trial by jury, he was found guilty of attempted manslaughter in violation of La.R.S. 14:27 and 14:31, and sentenced to five years at hard labor, with credit for time served on this charge.
Defendant appealed and assigned as error:
1) Excessive sentence;
2) Insufficient evidence to prove essential element of specific intent;
3) Failure to find use of justifiable force.
We affirm.
On October 30, 1981, three white youths, including the victim, Paul Sirchia, were driving, when they encountered a group of four young black pedestrians, including defendant. Although testimony of what happened is sharply conflicting, it is clear that defendant fired six shots, including the one that struck Sirchia.
Defendant and his companions testified that the confrontation was initiated by the car's occupants, one of whom shouted a hostile racial remark at them as the car passed and then started backing up toward the group standing in the street. Defendant testified he fired a warning shot in the air and started running down a side street. It was only when the car later came up behind him again and tried to run him down that he fired any shots toward it, one of which apparently hit Sirchia, since he heard shattering glass and a scream.
The car's occupants admit that some remark was made to the group on the street, but deny that it was either hostile or racial in nature. They testified that after the car passed the group, several shots were fired, one of which hit Sirchia. As they left the subdivision to bring Sirchia to a hospital, several more shots were fired, although they were unable to see by whom. They deny ever directly encountering the defendant or his companions again or attempting to run over him.
Attempted manslaughter carries a maximum sentence of ten and one-half years. La.R.S. 14:27; La.R.S. 14:31. However, even a sentence within the applicable statutory limits may constitute excessive punishment if it is grossly disproportionate to the severity of the particular crime involved, or is nothing more than the needless imposition of pain and suffering. State v. Reed, 409 So.2d 266 (La.1982). Only when there has been a manifest abuse of the trial judge's great discretion will a sentence be set aside as excessive. State v. Lanclos, 419 So.2d 475 (La.1982); State v. Reed, supra.
La.C.Cr.P. 894.1 requires the trial judge to state for the record the considerations taken into account by him and the factual basis therefor when imposing sentence. However, this does not mean that the trial judge must set forth all the factors listed therein to which he accorded weight. State v. Mathews, 428 So.2d 988 (La.App. 1st Cir.1983).
The trial judge considered the guidelines of Article 894.1 in imposing sentence. He stated a belief that, in view of the factors present, particularly the seriousness of defendant's crime and of the victim's injuries, a period of incarceration was warranted. Also, in accordance with Article 894.1, the trial judge considered mitigating factors, including the facts that defendant has no juvenile record, that this conviction was his first felony conviction or arrest[1] *325 and that he was seventeen at the time of the offense. It was due to these factors that he did not feel that defendant should receive a maximum sentence. We find no error in the sentence.
The proper procedure for raising the issue of insufficiency of evidence is by a motion for new trial (La.C.Cr.P. Article 851(1), State v. Brown, 421 So.2d 854 (La. 1982)) or motion for acquittal. The defendant has failed to do so. However, we will consider the sufficiency of the evidence to determine whether it meets constitutional standards when the matter is raised by formal assignment of error as in the instant case. State v. Washington, 421 So.2d 887 (La.1982); State v. Gaston, 412 So.2d 574 (La.1982); State v. Edwards, 400 So.2d 1370 (La.1981).
Since specific criminal intent is a state of mind, it need not be proven as a fact, but may be inferred from the circumstances present and the actions of the defendant. La.R.S. 14:10(1); La.R.S. 15:445; State v. Graham, 420 So.2d 1126 (La.1982); State v. Boyer, 406 So.2d 143 (La.1981).
Defendant admits that he fired several shots at the occupied car at fairly close range, but claims that he did so in self-defense. However, evidence refuting defendant's claim of self-defense was presented and the jury obviously rejected the claim. Additionally, of the six shots fired, at least three struck the car and one hit the victim; the jury could conclude that defendant deliberately aimed toward the car's occupants with an intent to kill.
The standard for review of the sufficiency of evidence to prove an essential element of a crime is whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential element of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Fuller, 414 So.2d 306 (La.1982). We find that there was sufficient evidence from which a rational trier of fact could conclude that defendant possessed a specific intent to kill or inflict great bodily harm.
The use of force against another is justified whenever the force used: 1) was reasonable under the circumstances present (an objective inquiry), and 2) was apparently necessary to prevent a forcible offense against oneself (a subjective inquiry). La. R.S. 14:18; La.R.S. 14:19; State v. Landry, 381 So.2d 462 (La.1980).
Defendant testified he did not aim any shots toward the car or shoot the victim until the occupants tried to run him down. This testimony was contradicted by two of the car's occupants, who denied trying to run over defendant.
Thus, resolution of this issue turns upon a question of credibility. Whenever there is conflicting testimony as to factual matters, the question of credibility of witnesses is a matter within the sound discretion of the trier of fact. State v. Klar, 400 So.2d 610 (La.1981). Such factual determinations will not be disturbed on review unless clearly contrary to the evidence.
For these reasons, the conviction and the sentence are affirmed.
AFFIRMED.
NOTES
[1] Defendant does have one misdemeanor arrest for carrying a concealed weapon, which occurred after the instant offense. This is significant in view of the fact that the instant offense involved a firearm, and may indicate an increased likelihood that such an offense may reoccur.