PONDER, Judge.
Defendant, an inmate at the Louisiana State Penitentiary, was charged with aggravated battery in violation of La.R.S. 14:34. After a six-man jury found the defendant guilty, the trial judge sentenced him to serve five .years at hard labor, to run consecutively with any sentence the defendant was then serving.
Defendant’s only assignment of error alleges that the evidence introduced did not support the jury’s guilty verdict.
Although there was no motion for new trial or acquittal filed, we will consider the evidence to determine whether it meets constitutional standards. State v. Washington, 421 So.2d 887 (La.1982); State v. Coleman, 432 So.2d 323 (La.App. 1st Cir.1983).
The scope of appellate review for the sufficiency of the evidence is whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
*724 The evidence consisted of the testimony of the injured person and two eyewitnesses for the State and that of the defendant for himself. The stories were widely divergent and the jury had to make credibility decisions. They evidently believed the testimony of the State’s witnesses. We find no error. A rational trier of fact could have found defendant guilty beyond a reasonable doubt, accepting facts most favorable to the State.
For these reasons, the conviction and sentence are affirmed.
AFFIRMED.