451 So.2d 185 (1984)
STATE of Louisiana
v.
Rod COLEMAN.
No. 83 KA 1296.
Court of Appeal of Louisiana, First Circuit.
May 30, 1984.
Writ Granted September 14, 1984.
*186 Ossie Brown, Dist. Atty., Baton Rouge, for plaintiff-appellee.
Paula Cobb, Baton Rouge, William J. Guste, Jr., Atty. Gen., State of La., New Orleans, for defendant-appellant.
Before SHORTESS, LANIER and CRAIN, JJ.
CRAIN, Judge.
Defendant, Rod Coleman, was charged with having committed attempted first degree murder on October 30, 1981, in violation of La.R.S. 14:30 and 14:27. He pled not guilty. A jury subsequently found him guilty of attempted manslaughter. He was sentenced to five (5) years at hard labor without benefit of probation, parole or suspension of sentence and with credit for time served. Defendant appealed his conviction and sentence, and both were affirmed by this court on May 17, 1983. [State v. Coleman, 432 So.2d 323 (La.App. 1st Cir.1983)]. The sentence was made executory on June 20, 1983.
On July 8, 1983, the State filed a Motion for Sentencing in Conformity with La.C. Cr.P. art. 893.1 and La.R.S. 14:95.2, based on the fact that the evidence presented at trial revealed that defendant had used a firearm in the commission of the crime. Defendant filed an opposition to the State's motion, contending the trial court was without jurisdiction to correct the sentence. After a contradictory hearing, the trial court found that the original sentence was illegal and that it was mandated to impose the sentence and conditions of La.C.Cr.P. art. 893.1 and La.R.S. 14:95.2. On October 18, 1983, the original sentence was vacated and the trial court re-imposed the sentence, adding two years at hard labor without benefit of parole, suspension, or credit for good time to be served consecutively with the five year sentence. Defendant appeals from this corrected sentence, alleging the trial court was without jurisdiction to modify the sentence after the conviction and the original sentence were appealed and affirmed by the appellate court.
ASSIGNMENT OF ERROR
Defendant contends the trial court erred in vacating his original sentence and imposing *187 an increased sentence. He argues that the trial court was divested of jurisdiction upon entering of the order of appeal. He contends the original sentence in this case was not illegal and, therefore, the exception in La.C.Cr.P. art. 916(3) allowing the trial court jurisdiction after appeal to correct an illegal sentence is not applicable in this case. He argues further that, in light of La.C.Cr.P. art. 881, a sentence may not be amended or changed after execution of the sentence.
La.C.Cr.P. art. 916 provides, in pertinent part:
The jurisdiction of the trial court is divested and that of the appellate court attaches, upon the entering of the order of appeal. Thereafter, the trial court has no jurisdiction over the matter except to:
(3) Correct an illegal sentence, or reduce a legal sentence in accordance with Article 913(B);
Additionally, La.C.Cr.P. art. 882 provides in pertinent part, that "[a]n illegal sentence may be corrected at any time by the court that imposed the sentence." Article 881 prohibits the amendment of a legal sentence after execution has commenced and is not applicable to correcting an illegal sentence.
The first issue which must be addressed is whether the original sentence imposed was illegal. Defendant argues that, since this original sentence was within the guidelines of the attempted manslaughter statutes, it was legal. Attempted manslaughter is punishable by imprisonment at hard labor for not more than ten and one-half years. La.R.S. 14:31 and 14:27.
In this case, the offense was committed with a firearm. Therefore, when defendant was convicted, the mandatory sentencing provisions of La.C.Cr.P. art. 893.1 and La.R.S. 14:95.2 were applicable.[1] La.C.Cr.P. 893.1 mandates at least a five year sentence without benefit of suspension of sentence, probation or parole, for a felony committed with a firearm when the maximum sentence for the offense is five or more years. La.R.S. 14:95.2 requires an additional term of two years without benefit of probation, parole, suspension of sentence or credit for good time for a first conviction for attempted manslaughter with use of a firearm. The two year sentence is to be in addition to and to run consecutive to any other sentence imposed for crimes listed in La.R.S. 14:95.2. Applying both La.C.Cr.P. art. 893.1 and La.R.S. 14:95.2, the minimum allowable sentence was seven years at hard labor without suspension and without benefit of parole or probation. The sentence imposed here was only five years at hard labor without benefit of probation, parole or suspension of sentence. It complied with La.C.Cr.P. art. 893.1, but not with La.R.S. 14:95.2. Consequently, *188 it was less than the mandatory sentence required by law.
Sentences not imposed without benefit of suspension, probation or parole when that restriction is mandated by statute are illegal sentences (unlawfully lenient). See State v. Telsee, 425 So.2d 1251 (La.1983); State v. Thomas, 439 So.2d 629 (La.App. 1st Cir.1983); State v. Jackson, 439 So.2d 622 (La.App. 1st Cir.1983), writs granted in part and denied in part, 443 So.2d 1123 (La.1984). A sentence imposed without compliance with the mandatory provisions of both La.C.Cr.P. art. 893.1 and La.R.S. 14:95.2 is analagous to a sentence not imposed with the required language "without benefit of parole, probation or suspension of sentence". Therefore, we hold that the original sentence imposed in this case being less than the minimum sentence mandated by application of both La. C.Cr.P. art. 893.1 and La.R.S. 14:95.2 was illegal.
The second issue is whether the trial court may correct an illegal sentence after appeal, affirmance of the sentence on appeal, and the beginning of execution of the sentence.
The language of La.C.Cr.P. art. 882 indicates that the trial court can correct an illegal sentence at any time. This language does not limit the correction of sentencing errors to those adverse to the defendant. State v. Jackson, 439 So.2d at 626.
Furthermore, the Official Revision Comment to La.C.Cr.P. art. 882 states, in pertinent part:
(a) The first sentence, taken from Fed. Rule 35, states the almost self-evident authority of the court to correct an illegal sentence at any time, for an illegal sentence is, in the contemplation of the law, no sentence at all. State v. Johnson, 220 La. 64, 55 So.2d 782 (1951). The phrase `at any time' makes clear the court's authority to make a correction after the defendant has begun to serve the sentence. Such authority was squarely affirmed in United States v. Johnson, 142 F.Supp. 532 (E.D.Tex.1956), aff'd, 241 F.2d 60 (5th Cir.1957), citing Bozza v. United States, 330 U.S. 160, 67 S.Ct. 645, 91 L.Ed. 818 (1947).
(b) The court's authority to correct an illegal sentence at any time, which includes the power to pronounce a legal sentence, applies when an order of appeal or writs have been granted. This authority of the trial court is specifically set forth in Art. 916. (emphasis added).
When a sentencing court discovers that a sentence imposed by it did not conform to the applicable penalty statute, it has a duty to correct the sentence so as to comply with the statute, even though service of the sentence first imposed has begun, and though the corrected sentence is required to be more onerous. Llerena v. United States, 508 F.2d 78 (5th Cir.1975).
Recent jurisprudence from the Louisiana Supreme Court makes it imperative that the trial court be able to correct an illegal sentence at any time. In State v. Napoli, 437 So.2d 868 (La.1983), the Louisiana Supreme Court prohibited the Court of Appeal from ordering the trial court to correct a patently illegal sentence and ordered reinstatement of that illegal sentence holding that an illegal sentence in favor of a defendant cannot be reviewed or corrected by the appellate court. But see, State v. Telsee, 425 So.2d 1251 (La.1983), where the Court recognized ex proprio motu that a sentence for forcible rape was unlawfully lenient because the district court did not order it to be served without benefit of probation, parole or suspension for at least two years. Again in State ex rel. Pierre v. Maggio, 445 So.2d 425 (La.1984), the Court required the Department of Corrections to consider parole eligibility for a defendant who was illegally sentenced with that benefit contrary to a statute that prohibited parole eligibility. Unless the trial court can correct the sentences in both the Napoli and Pierre situations these defendants are going to achieve parole eligibility when *189 the statute under which they were sentenced clearly prohibits it.[2]
Therefore, we find that the trial court did not err in correcting an illegal sentence after appeal and while the sentence was being executed.
Accordingly, we affirm the sentence reimposed by the trial court.
AFFIRMED.
NOTES
[1] La.C.Cr.P. art. 893.1 provides:

When the court makes a finding that a firearm was used in the commission of a felony and when suspension of sentence is not otherwise prohibited, the court shall impose a sentence which is not less than:
(1) The maximum sentence provided by law, in the same manner as provided in the offense, if the maximum sentence is less than five years, or
(2) Five years, in the same manner as provided in the offense, if the maximum sentence is five years or more.
Imposition or execution of sentence shall not be suspended and the offender shall not be eligible for probation or parole.
La.R.S. 14:95.2 provides:
Notwithstanding any other provisions of law to the contrary, any person who uses a firearm or explosive device at the time he commits or attempts to commit the crime of second degree murder, manslaughter, aggravated battery, simple kidnapping, aggravated escape, aggravated burglary, or aggravated arson or attempted aggravated rape, attempted first degree murder or attempted aggravated kidnapping shall upon conviction serve a term of two years imprisonment for the first conviction and upon conviction for each second and subsequent offense listed in this Section, he shall serve a term of five years imprisonment. The penalty provided herein shall be in addition to any other penalty imposed under the provisions of this Title and such person shall serve the additional term of imprisonment without benefit of parole, probation, suspension of sentence or credit for good time and any adjudication of guilt or imposition of sentence shall not be suspended.
The prison terms provided under the provisions of this Section, shall run consecutively to any other penalty imposed upon conviction of any of the crimes listed in this Section.
[2] If the appellate courts are restricted from correcting or ordering corrected a sentence illegal in favor of a defendant, and the parole board is required to honor an illegal sentence, serious problems are going to be presented even with the ability of the trial court to correct the sentence. It would become impossible for an illegal sentence to be corrected in the event it is acquiesed in by the State. Thus, a defendant charged with armed robbery could be sentenced, and the sentence suspended, or be given with parole and probation and absent a State motion to correct the sentence, it would stand. Consequently, mandatory sentencing requirements could be ignored if the State desired. Given the desire in so many instances to obtain a guilty plea, this result is not at all improbable. The crux of the matter is, given the right circumstances, a sentence patently in violation of a statute and thus illegal could be effectively imposed if there is agreement among the involved parties. We would be telling the legislature in effect that having a particular mandatory sentencing requirement is fine unless the principals in a criminal litigation, the trial judge, prosecutor and defendant choose to ignore it. Then, it is not worth the proverbial paper it is written on.

The correct view should be that when a statute sets mandatory requirements of a sentence, deviation from the mandate of the statute simply has no effect whether that deviation be in favor of or against a defendant. See Concurring Opinion, State v. Jackson, 439 So.2d at 628. It should also be noted that in Napoli the Court held that it was error for an appellate court to review a sentencing error unfavorable to a defendant because that would provide `a chilling effect on defendant's exercise of his right to appeal.' If an illegal sentence can be corrected before appeal (La.C.Cr.P. art. 882), during appeal (La.C.Cr.P. art. 916[3]) and after appeal (the instant case), we do not see how the correction of the sentence is relevant to or prejudices the right to appeal.