470 So.2d 562 (1985)
STATE of Louisiana
v.
Rubin WADE.
No. KA 84 0896.
Court of Appeal of Louisiana, First Circuit.
May 29, 1985.
Ossie Brown, Dist. Atty. by Dennis Weber, Asst. Dist. Atty., Baton Rouge, for plaintiff-appellee.
David Buckley, Asst. Pub. Defender, Baton Rouge, for defendant-appellant.
Before COLE, CARTER and LANIER, JJ.
LANIER, Judge.
The defendant, Rubin Wade, was charged by grand jury indictment with aggravated rape and aggravated burglary in violation of La.R.S. 14:42 and 14:60, respectively. He pled not guilty, was tried by jury and was found guilty as charged. For the aggravated rape conviction, he was sentenced to serve life imprisonment at hard labor in the custody of the Louisiana Department of Corrections without benefit of probation, parole or suspension of sentence. For the aggravated burglary conviction, he was sentenced to serve twenty-nine years at hard labor in the custody of the Louisiana Department of Corrections, which sentence was to be served consecutively to the aggravated rape sentence. Wade appealed these convictions and sentences. This court affirmed both convictions and the sentence for the aggravated rape. However, the defendant's consecutive twenty-nine year sentence for aggravated burglary was vacated, and that case was remanded to the district court for resentencing. Because consecutive sentences were imposed for offenses arising out of the same incident and the record failed to show adequate compliance with *563 La.C.Cr.P. art. 894.1, this court was unable to determine if the sentence was excessive. We remanded for compliance with Article 894.1 and resentencing on the aggravated burglary charge. State v. Wade, 442 So.2d 681 (La.App. 1st Cir.1983), writ denied, 444 So.2d 1245 (La.1984). On remand, the district court again sentenced the defendant to serve twenty-nine years at hard labor to be served consecutively to the life sentence imposed for the aggravated rape conviction. In addition, the district court judge on his own motion noted he failed to comply with the sentencing requirements of La.R.S. 14:95.2 in the original sentence, stated as a fact the defendant used a firearm during the commission of the aggravated burglary and (pursuant to prevailing jurisprudence) "corrected" (enhanced) the original sentence by adding thereto an additional consecutive two year term to be served without benefit of parole, probation or suspension of sentence or credit for good time. This appeal followed.

FACTS
The basic facts of this case are set forth in Wade, 442 So.2d at 682-683, as follows:
The victim, Jane Doe, was sleeping in her bed when she was awakened by the smell of cigarette smoke at around 5:00 a.m. She saw a man standing in her bedroom door. She grabbed the phone to call for help, but the intruder took it away from her. Doe's son, awakened by his mother's screams, came to the bedroom door. Her daughter, in a baby bed in the bedroom, started crying. The man threatened to kill everyone in the house, which included three other children, if the boy did not go back to his room and the girl didn't stop crying. After calming the children, Doe was raped by the intruder, who held a gun to her neck.
Because of the early morning light and the perpetrator's close proximity to her, Doe got a good look at the man's face. She subsequently identified the defendant as the perpetrator in a photo lineup and later at trial. [Footnote omitted].

ENHANCEMENT OF SENTENCE BY TRIAL COURT
The defendant contends it was error for the trial court to add an additional two year sentence pursuant to La.R.S. 14:95.2[1] to the aggravated burglary sentence because such produces a "chilling effect" on his right to appeal, citing State v. Jackson, 452 So.2d 682 (La.1984), State v. Williams, 439 So.2d 387 (La.1983), and State v. Napoli, 437 So.2d 868 (La.1983).
*564 In State v. Roussel, 424 So.2d 226, 232 (La.1982), the Louisiana Supreme Court ruled as follows:

Defendant contends the trial judge erred in imposing an additional term of two years imprisonment for the use of a firearm at the time of the crime under La.R.S. 14:95.2 without having been charged under this statute. As a result, he argues that he was denied notice and an opportunity to defend against it.
La.R.S. 14:95.2 is an article in the Criminal Code and provides for additional penalties for possession of a firearm or explosive device in the commission of certain enumerated crimes. The statute does not create a separate crime. Rather, it mandates that an additional penalty be imposed when a person uses a firearm or explosive device at the time he commits certain crimes. It is based on the proof of that fact during trial. Defendant was charged with second degree murder and convicted of manslaughter. Both crimes are listed in La.R.S. 14:95.2. The evidence fully supports that a firearm (.22 caliber gun) was used in the commission of the crime for which defendant was convicted (manslaughter). The additional penalty was imposed at the sentencing hearing.

Accordingly, we find no substance to defendant's contention that one must be separately charged under La.R.S. 14:95.2. Adequate notice and opportunity to defend against it are afforded to the accused. [Emphasis added].
In Roussel, the court held La.R.S. 14:95.2 (a firearm enhancement statute) did not create a separate crime and "mandates that an additional penalty be imposed when a person uses a firearm ... at the time he commits certain crimes." The court also indicated the applicability of this statute "is based on the proof of that fact [use of a firearm] during trial", and rejected the defendant's contention that he had to be separately charged with the statute. Roussel appears to stand for the propositions that La.R.S. 14:95.2 is not an element of the substantive crime for which the defendant is being prosecuted, but is a mandatory penalty (sentence) to be imposed by the trial court when the facts of the case show a firearm was used in the commission of the substantive crime. The opinion in Roussel does not reflect if the district attorney timely moved for enhancement of penalty under the statute.
Following Roussel, this court ruled in State v. Moore, 442 So.2d 726, 728-729 (La.App. 1st Cir.1983) the enhancement provisions of La.C.Cr.P. art. 893.1 were applicable in the same manner as those of La.R.S. 14:95.2 with the following language:
In another assignment of error, defendant contends the court erred in imposing enhanced sentences under La.R.S. 14:95.2 and La.Code Crim.P. art. 893.1 when defendant had not been charged by bill of information or indictment with these offenses. In a related assignment, defendant argues the court erred in not requiring the state to pre-warn him of its intent to invoke the mandatory penalty under these articles.

It has been held the state need not separately charge the defendant with violation of La.R.S. 14:95.2. State v. Roussel, 424 So.2d 226 (La.1982), rehearing denied 1983. We see no reason for the establishment of a different rule under La.Code Crim.P. art. 893.1. The question required to be determined under this article is simply a matter of proof and has no relation to the facts which determine guilt or innocence of the basic crime. Using a firearm, in this instance, is not a separate crime and there is no necessity for a separate charge.
As to defendant's argument the court should have warned him of the intent to impose the enhanced penalty, we find no merit whatsoever. The court gave defendant an opportunity to withdraw his plea when it became apparent the enhanced punishment was to be applied. Defendant and his counsel considered the matter overnight and the next day defendant expressed his desire to `... stay *565 with my guilty plea.' Defendant cannot argue he was not `prewarned.' [Emphasis added, footnote omitted].
See also State v. Blache, 464 So.2d 1082 (La.App. 1st Cir.1985), writ granted, 468 So.2d 566 (La.1985); State v. Jackson, 454 So.2d 211 (La.App. 1st Cir.1984), writ granted, 468 So.2d 565 (La.1985); State v. Jones, 451 So.2d 1181 (La.App. 1st Cir. 1984); State v. Cage, 444 So.2d 347 (La. App. 1st Cir.1983). Cf. State v. Harleaux, 461 So.2d 670 (La.App. 1st Cir.1984); State v. Stevenson, 447 So.2d 1125 (La.App. 1st Cir.1984), motion considered and denied, 450 So.2d 951 (La.1984); State v. McKnight, 446 So.2d 915 (La.App. 1st Cir. 1984).
In State v. Victorian, 448 So.2d 1304, 1310 (La.App. 3rd Cir.1984), writ denied, 452 So.2d 167 (La.1984), the court observed as follows:
Defendant's final assignment of error is the due process contention that he was not given notice of the court's intent to impose the enhanced penalty. The record indicates that the provisions of article 893.1 did not come to the sentencing judge's attention until after the guilty plea had been entered. The judge became aware of these provisions before sentencing, however, and explained to the defendant its discovery of the enhancement article and its intention to apply the article at sentencing. After explaining its intention to the defendant, the trial court then gave defendant an opportunity to withdraw his guilty plea. The record shows that at this point defendant declined to withdraw his guilty plea. The First Circuit in the case of State v. Moore, 442 So.2d 726 (La.App. 1st Cir.1983) was faced with an identical assignment of error and found the argument to have no merit. We find the present due process contention likewise meritless. [Emphasis added].
See also State v. Barberousse, 458 So.2d 569 (La.App. 3rd Cir.1984); State v. Brown, 438 So.2d 1202 (La.App. 3rd Cir. 1983), writ denied, 443 So.2d 1125 (La. 1984).
In State v. Hogan, 454 So.2d 1235, 1237 (La.App. 2nd Cir.1984), appears the following:
Furthermore, our Supreme Court has had the opportunity but did not find fault with either of the statutes attacked by the defendant. In State v. Robinson, 423 So.2d 1053 (La.1983), Article 893.1 was deemed inapplicable in sentencing only because it was enacted after the commission of the crime. Imposition by the trial court of the additional two year sentence under R.S. 14:95.2 was approved in State v. Roussel, 424 So.2d 226 (La.1982).
....

To summarize, apparently motivated by a deep concern over the serious consequences of crimes involving the use of firearms, our legislature exercised its lawful prerogative in directing the imposition of a minimum sentence. This has been accomplished by the enactment of R.S. 14:95.2 and Article 893.1. The trial judge correctly took note of and applied these two statutes in this case. [Emphasis added].
See also State v. Kennedy, 463 So.2d 808 (La.App. 2nd Cir.1985); State v. Harris, 454 So.2d 1238 (La.App. 2nd Cir.1984).
The foregoing jurisprudence established that (1) the firearm enhancement statutes were not separate crimes from the substantive crimes they enhanced and were not required to be pled in the indictment or information; (2) these statutes mandated additional penalties when a firearm was used in committing certain crimes and, thus, established a minimum sentence; and (3) trial judges on their own motion could apply these statutes.
On April 1, 1985, the Louisiana Supreme Court rendered its decision in State v. Coleman, 465 So.2d 709 (La.1985). In Coleman the defendant was charged with attempted first degree murder. The bill of information did not allege a firearm was used in the commission of the offense. He was tried by jury and found guilty of attempted manslaughter and sentenced to five years at hard labor. The State did not *566 move for enhancement of the sentence and the court did not do so on its own motion. Coleman appealed his conviction and sentence to this court and we affirmed. State v. Coleman, 432 So.2d 323 (La.App. 1st Cir.1983). Coleman's sentence was made executory on June 20, 1983. On July 8, 1983, the State filed a motion to sentence Coleman in accordance with La.C.Cr.P. art. 893.1 and La.R.S. 14:95.2 because a firearm was used in the commission of the crime. After a hearing, the district court judge ruled the two firearm enhancement statutes mandated additional penalties for offenders who used firearms during certain crimes (as did the defendant), and the original sentence was "illegal" because it did not comply with these statutory mandates. Because, La.C.Cr.P. art. 882 authorized the correction of an "illegal" sentence at any time, the judge "corrected" the sentence to the statutory minimum of seven years without benefit of probation, parole or suspension of sentence with the last two years not subject to credit for good time.
Coleman appealed this action contending his original sentence was legal, not "illegal", and, since execution of sentence had commenced, the trial court had no authority to change the legal sentence because of La.C.Cr.P. art. 881. This court held the sentence was illegal because the offense was committed with a firearm and the mandatory provisions of the enhancement statutes were applicable. Since the sentence was illegal, it could be corrected "at any time" and the trial court did not commit error. State v. Coleman, 451 So.2d 185 (La.App. 1st Cir.1984).
The Louisiana Supreme Court reversed and reinstated the original unenhanced sentence. The Court did not overrule, distinguish or mention Roussel or the jurisprudence that flowed from it. The cornerstone of the opinion appears to be that, when the district attorney fails to charge La.R.S. 14:95.2 and La.C.Cr.P. art. 893.1 or move for enhancement pursuant to them, these statutes are not mandatory and, thus, do not establish a nondiscretionary minimum sentencing requirement. In so holding, the Court made the following observations:
The sentence was not illegal but valid because it was based upon and comported with a valid and sufficient statute, bill of information and verdict. See La.C. Cr.P. art. 872. The district attorney's failure to charge the defendant with use of a firearm or to move timely for enhancement of penalty does not make any aspect of the prosecution or the sentence invalid because he constitutionally has charge of every prosecution by the state and therefore may determine whom, when and how to prosecute. La. Const. Art. 5 § 26; See La.C.Cr.P. art. 61. Consequently, the district attorney's petition to enhance a sentence for firearm use constituted a motion to amend or change a legal, not an illegal, sentence. Since the petition was filed after the defendant had been granted an order of appeal and after execution of the sentence had begun, the jurisdiction and authority of the trial court to affect the legal sentence had been divested. La.C.Cr.P. art. 881, 916.
....
Assuming that the firearm enhancement statutes establish higher grades of offenses and authorize post conviction enhancement of sentences, the district attorney's decision to charge the defendant with a lesser grade of an offense or his election to waive enhancement of the sentence does not invalidate an indictment, verdict or sentence. The district attorney constitutionally has charge of every criminal prosecution by the state in his district. La. Const. Art. 5 § 26. He may decide whom, when, and how to prosecute. La.C.Cr.P. art. 61. Consequently, the district attorney's conscious or inadvertent failure to prosecute or to seek enhancement of a sentence to the full extent permitted by law does not render an indictment, verdict or sentence illegal.

....
The firearm penalty enhancement statutes do not authorize a court to ignore *567 constitutional and statutory limits on its power simply because they are framed in mandatory terms. Virtually all criminal penalty provisions are stated in mandatory terms. Usually a statute states that `whoever commits the crime of ... shall be imprisoned' for a term as prescribed therein. See e.g., La.R.S. 14:31, La.R.S. 14:42, La.R.S. 14:44. Such language, however, is not intended to authorize a court to correct a district attorney in the exercise of his constitutional and statutory discretion to proceed under a particular provision when an offender's conduct is criminal according to several statutes or to selectively enforce enhancement statutes. See La. Const., Art. 5, § 26; La.R.S. 14:4. Nor does such mandatory language require that a court exceed the bounds of its jurisdiction or authority to impose what it considers to be the correct punishment upon a person who committed but was not convicted of a particular crime. If this were not so, countless sentences based on plea bargains and verdicts of lesser included offenses could be called into question when the evidence in hindsight might be said to warrant a conviction of a more serious crime and hence a heavier penalty.
[Emphasis added].
[Coleman, 465 So.2d at 710, 711 and 712].
The above-quoted portions of Coleman, with their repeated emphasis on the district attorney's authority to control the prosecution of the case, indicate the firearm enhancement statutes are not mandates to the trial (sentencing) judge unless (1) the district attorney charges the defendant with the use of a firearm[2] (even though use of a firearm is not an element of the substantive crime charged), or (2) the district attorney timely moves for enhancement of sentence.[3] Thus, the sentence in Coleman was found to be legal because the district attorney did not perform either condition precedent. Because the sentence was legal, it could not be corrected "at any time" as provided in Article 882, but could only be changed in accordance with Article 881. The Court then observed as follows:
Because the original sentence was valid, it could be modified only in accordance with the rules for altering a legal sentence. The court may amend or change a legal sentence, within the legal limits of its discretion, prior to the beginning of execution of the sentence. La.C. Cr.P. art. 881. Moreover, the jurisdiction of the trial court is divested and that of the appellate court attaches, upon the entering of the order of appeal. Thereafter, the trial court has no jurisdiction over the matter, with few exceptions, none of which authorizes a change in a legal sentence. La.C.Cr.P. art. 916. Accordingly, because the execution of defendant Coleman's legal sentence had begun and the jurisdiction of the trial court had been divested prior to the time that the court attempted to amend the sentence, the trial court lacked the authority to modify the sentence.
[Coleman, 465 So.2d at 411-12].
On the remand herein, the trial court gave a sentence which was harsher than that originally imposed. This action established the necessary predicate for a due process analysis, and the court was obligated to justify its actions to satisfy due process requirements. State v. Fraser, 471 So.2d 769 (La.App. 1st Cir.1985). The record indicates the trial court apparently felt La.R.S. 14:95.2 was mandatory and applied it to "correct" what was perceived to be an illegal sentence.[4] However, under Coleman, since the district attorney did not perform either necessary *568 condition precedent, the sentence was legal and enhancement was not mandatory. Accordingly, the justification for the increased sentence was not valid and the sentence must be again vacated.
Left unanswered by Coleman is the question of whether or not the trial court has discretion to impose one, both or neither[5] of the firearm enhancement statutes when the district attorney has not performed either condition precedent for making the statutes mandatory. In State v. Collins, 470 So.2d 549 (La.App. 1st Cir. 1985) (authored by Judge Cole), it was held the trial court does have such discretion. In addition, the sentencing range for the offense of aggravated burglary is discretionary from one to thirty years. Because there is sentencing discretion on the number of years to be given and on whether or not to apply one, both or neither of the firearm enhancement statutes, this sentence must be remanded to the trial court for resentencing. Fraser, 471 So.2d at 777. On remand, if a harsher sentence than that originally given is imposed, appropriate justification must be shown to satisfy due process.

DECREE
For the foregoing reasons, the sentence for aggravated burglary is again vacated and remanded to the district court for resentencing in accordance with the views expressed herein.[6]
SENTENCE VACATED AND REMANDED FOR RESENTENCING.
COLE, J., concurs and assigns reasons.
COLE, Judge, concurring.
Under this court's en banc holding in State v. Fraser, 471 So.2d 769 (La.App. 1st Cir.1985) the order of remand herein is necessary. However, such procedure is a waste of judicial, prosecutorial, defense and custodial time; as well as a waste of funds provided by the taxpayers to those components of the criminal justice system. I believe the legislature gave us the authority to correct sentences and it is our duty to use that authority. La.Code Crim.P. arts. 882(A); 920(2).
In this instance the sentencing judge is now retired. His subjective thoughts at the time of sentencing are now lost for the ages unless the new judge on remand possesses some divine or mystical power to read what is written on the wind. We should not attribute such power to the robe.
The criminal conduct involved in this case took place approximately three and one-half years ago. The defendant was found guilty three years ago. For aggravated rape, defendant was sentenced to serve life imprisonment without benefit of probation, parole or suspension of sentence. For aggravated burglary, defendant was sentenced to serve twenty-nine years consecutively to the life imprisonment. [This, of course, poses some interesting questions of longevity.] Following his initial appeal, this court remanded the case for resentencing because we were unable to determine if the sentence was excessive. The trial court reimposed the same sentence and, noticing its prior failure to comply with the requirements of La.R.S. 14:95.2, added two additional years for the use of a firearm, to be served consecutively and without the benefit of parole, probation or suspension of sentence. At this point in time defendant was under sentence to serve life imprisonment, twenty-nine years thereafter and then two more years. The life imprisonment and two year sentence were without the benefit of probation, parole or suspension of sentence. This second appeal followed.
I note the sentence for aggravated burglary in this instance should be served *569 without the benefit of probation, parole or suspension of sentence. La.Code Crim.P. art. 893.1. It would be a simple matter to impose this requirement. In addition, we conclude this case should again be remanded because there is sentencing discretion as regards the number of years to be imposed for aggravated burglary and as to whether or not to apply one, both or neither of the firearm enhancement statutes. All of this is an exercise in futility. What conceivable difference can it make? Does this case warrant a second remand or does common sense dictate the express authority granted us by Act 587 of 1984 (amending La.Code Crim.P. art. 882) be utilized and the sentence corrected at this level? The intent of the trial court to keep the defendant incarcerated for as long as he lives is, I submit, crystal clear. However, because of conflicting signals emanating from such cases as Coleman and Roussel, we find ourselves indulging in supercilious technicalization necessitating remand.
The present state of criminal justice in Louisiana defies logic and does not comport with the societal interests of our people. Act 587 of 1984 is being read out of the law. This amendment to La.Code Crim.P. art. 882 followed the case of State v. Jackson, 452 So.2d 682 (La.1984). Jackson reversed this court's amendment of a sentence to provide defendant was not eligible for parole. In addition, the Supreme Court, by way of dicta, noted the desirability of remand for correcting sentences so that the trial judge might exercise informed sentencing discretion. The correction of a sentence by an appellate court "is arguably appropriate in some cases," conceded Jackson.
Jackson may lend some support and comfort to the view a remand is necessary in this case. However, coming as it does prior to Act 587 of 1984, Jackson should yield to the admonition of art. 1 of our Civil Code: "Law is a solemn expression of legislative will."
NOTES
[1] La.C.Cr.P. art. 893.1 provides as follows:

When the court makes a finding that a firearm was used in the commission of a felony and when suspension of sentence is not otherwise prohibited, the court shall impose a sentence which is not less than:
(1) The maximum sentence provided by law, in the same manner as provided in the offense, if the maximum sentence is less than five years, or
(2) Five years, in the same manner as provided in the offense, if the maximum sentence is five years or more.
Imposition or execution of sentence shall not be suspended and the offender shall not be eligible for probation or parole. [Emphasis added, footnotes omitted].
La.R.S. 14:95.2 provides, in pertinent part, as follows:
A. Notwithstanding any other provisions of law to the contrary, any person who uses a firearm ... at the time he commits or attempts to commit the crime of ... aggravated burglary ... shall upon conviction serve a term of two years imprisonment for the first conviction and upon conviction for each second and subsequent offense listed in this Section, he shall serve a term of five years imprisonment.
B. The penalty provided herein shall be in addition to any other penalty imposed under the provisions of this Title and such person shall serve the additional term of imprisonment in the same manner as provided in the offense for which he was convicted and without benefit of parole, probation, suspension of sentence or credit for good time and any adjudication of guilt or imposition of sentence shall not be suspended.
C. The prison term provided under the provisions of this Section shall run consecutively to any other penalty imposed upon conviction of any of the crimes listed in this Section. [Emphasis added].
The word "shall" is universally construed as being "mandatory". La.R.S. 1:3; La.C.Cr.P. art. 5; La.C.J.P. art. 4.
[2] See State v. Brisco, 470 So.2d 569 (La.App. 1st Cir.1985) (authored by Judge Lanier).
[3] The language of the firearm enhancement statutes appears to be directed at the sentencing function. The sentencing function is that of the trial court, not the district attorney. La.C.Cr.P. arts. 871-901.
[4] Since the original sentence was vacated and remanded, jurisdiction over the sentence was reinvested in the trial court and the sentence was no longer executory.
[5] See, for example, State v. Collins, 470 So.2d 549 (La.App. 1st Cir.1985) (authored by Judge Carter).
[6] Because we are again remanding the sentence, it is not necessary to pass on the defendant's claim that the sentence is excessive.