GUIDRY, Judge.
Defendant, Sidney J. Breaux, was charged by bill of information with attempted second degree murder, a violation of La.R.S. 14:30.1. Defendant was tried before a twelve person jury and was found guilty as charged by a vote of 11 to 1. Defendant was originally sentenced to fifteen years at hard labor, two years of which were to be served without benefit of parole, probation or suspension of sentence. Prior to defendant’s appeal, the trial court vacated defendant’s sentence and he was resentenced to fifteen years at hard labor, five years of which are to be served without benefit of parole, probation or suspension of sentence. Defendant appeals.
Defendant has perfected one assignment of error. By this assignment of error, defendant urges that errors patent on the face of the record were committed by the trial court. Defendant did not file a brief.
Pursuant to the mandate of La.C.Cr.P. Art. 920, we have carefully examined the pleadings and proceedings and finding no errors patent on the face of the record, we *1179 affirm defendant’s conviction and sentence. (See Appendix “A”).
AFFIRMED.
APPENDIX “A”
On October 9, 1981, defendant was charged by bill of information with attempted second degree murder, a violation of La.R.S. 14:27 and La.R.S. 14:30.1. This bill of information was signed by the Assistant District Attorney and is in proper form.
On December 9, 1981, defendant, accompanied by counsel, was formally arraigned and entered a plea of not guilty. The court minutes reflect that defendant was present during selection of the jury, at all times during trial, and was present when judgment was rendered.
The crime defendant was charged with necessarily requires a twelve person jury, ten of whom must concur to render a verdict. On January 10-12, 1984, defendant was tried before a twelve person jury and found guilty by an eleven to one vote.
On May 11, 1984, defendant was sentenced to fifteen years at hard labor, two years of which were to be served without benefit of parole, probation or suspension of sentence. On May 22, 1984, which was prior to the entering of the order of appeal and execution of sentence, defendant’s original sentence was vacated by the trial court and he was resentenced to fifteen years at hard labor, five years of which are to be served without benefit of parole, probation or suspension of sentence.[1] This sentence is within the statutory limits of La.R.S. 14:27D(1) and La.R.S. 14:30.1. Additionally, as the minutes reflect, this sentence is in accord with the mandatory firearm penalty enhancement provision found in La.C.Cr.P. Art. 893.1. However, this sentence does not accord with the mandatory firearm penalty enhancement provision found in La.R.S. 14:95.2.
Initially, we observe that in State v. Napoli, 437 So.2d 868 (La.1983), our Supreme Court stated:
“... When the defendant alone seeks review of a conviction and sentence, the court of appeal should review only those issues raised by the defendant and any patent errors favorable to defendant. The court of appeal erred in this case by reviewing a sentencing error unfavorable to defendant, thereby providing a chilling effect on defendant’s exercise of his right to appeal. State v. Goodley, 398 So.2d 1068 (La.1981)_”
Recently, in State v. Coleman, 465 So.2d 709 (la.1985), the court was called upon to decide whether a five year hard labor sentence for the crime of attempted manslaughter in which a firearm had been used during the commission of the crime was illegal since the sentencing court had failed to comply with La.R.S. 14:95.2. The Coleman court found the sentence to be legal even though La.R.S. 14:95.2 had not been complied with. Citing La.C.Cr.P. Art. 872, the court stated:
“... The sentence was not illegal but valid because it was based upon and comported with a valid and sufficient statute, bill of information and verdict ...”
In light of the Coleman decision and the rationale of Napoli, we conclude that defendant’s sentence is legal and should not be disturbed.

. Although the record does not clearly and definitively indicate the date upon which execution of sentence commenced, we assume that it did not commence until May 22, 1984, the date when the trial court amended its sentence. LSA-R.S. 15:566.2 and La.C.Cr.P. Art. 881.