SEXTON, Judge,
concurring.
I concur expressing reservations regarding the opinion treatment of State v. Coleman, 465 So.2d 709 (La.1985), insofar as it may imply that Coleman mandated state action before a trial court could invoke LSA-C.Cr.P. Art. 893.1. Subsequently, State v. Jackson, 480 So.2d 263 (La.1985), so held only prospectively. Neither Coleman nor Jackson require such for cases “in the stream” at the time of Jackson.
I am mindful of the bland statement to the contrary in the recent Supreme Court opinion of State v. Shows, 488 So.2d 992 (1986). As Justice Calogero points out in his dissent to this plurality opinion, that statement is incorrect.
Additionally, I believe that the statement in this opinion that any new sentence may not exceed fourteen years is inaccurate, but is dicta and not binding on the trial judge. Of course, as a general rule, a defendant may not be penalized for exercising his constitutional right of review by being given a more stringent sentence upon remand. I agree that we would normally expect that a more stringent sentence could thus not be imposed. However, if the principal reason for the sentence imposed was the trial court’s determination that heavy mandatory sentencing provisions were required, then it may be that an additional sentence can be legally justified.