Dear Mr. Stansbury:
This office is in receipt of your opinion request directed to Attorney General Richard P. Ieyoub. The request has been assigned to me for resolution.
Factually, you relate that the Lafayette Fire Police Civil Service Board proposes to forward to your office a request to enforce certain rulings issued by the board. You inquire whether your office is the responsible agency with respect to this request.
The provisions of LSA-R.S. 33:2506 specifically address your inquiry. The statute provides:
 If this Part, or its enforcement by the board is called into question in any judicial proceeding, or if any person fails or refuses to comply with the lawful orders or directions of the board, the board may call upon the attorney general, or the chief legal office of the municipality or may employ independent counsel to represent it in sustaining this part and enforcing it. Nothing contained herein shall prevent any municipal officer, employee, or private citizen from taking legal action in the courts to enforce the provisions of this Part or of any rule, order or action of the board.
The law allows the board the discretion to choose among the attorney general, the chief legal officer of the municipality (in this instance, the Lafayette city attorney), or private counsel to enforce its lawful orders. The district attorney of the parish is not included as an alternative choice of legal counsel.
An action brought pursuant to the provisions of LSA-R.S. 33:2506
is civil in nature and in our opinion would not in any event come within the criminal jurisdiction of the district attorney. However, as an aside we note the district attorney exercises broad discretion in the enforcement of prosecutions. LSA-Const. Art. 5, Section 26(B); LSA-R.S. 16:1(B); State v. Coleman,465 So.2d 709 (La. 1985). To the extent other special criminal statutes are applicable, the district attorney may proceed to institute prosecution where he deems it appropriate. For example, LSA-R.S. 33:2502 establishes a misdemeanor offense for the making of false testimony before a civil service board. LSA-R.S. 33:2507 provides for a fine of not more than $500.00 and ineligibility for employment in the Civil Service. See State v. Smith, 597 So.2d 1151 (La.App. 1st Cir. 1992); writ den., 599 So.2d 311 (La. 1992), wherein the court determined that the district attorney could charge a defendant under either the general perjury statute (LSA-R.S. 14:123), or under the special statute perjury statute (LSA-R.S. 33:2502) defining as a misdemeanor the giving of false testimony before the civil service board.
We hope the foregoing is responsive to your request. Should you have other inquiries in which we may be of assistance, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: KERRY L. KILPATRICK Assistant Attorney General
RPI/KLK/ 93-257