352 So.2d 635 (1977)
STATE of Louisiana
v.
Tyronne BARROW.
No. 59514.
Supreme Court of Louisiana.
November 14, 1977.
Rehearing Denied December 14, 1977.
*636 William Noland, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Brian G. Meissner, Asst. Dist. Atty., for plaintiff-appellee.
SUMMERS, Justice.
Based on a charge of armed robbery Tyronne Barrow was tried before a jury and found guilty. La.Rev.Stat. 14:64. Before sentence the State filed a bill of information charging him as an habitual offender. La.Rev.Stat. 15:529.1. After a hearing the trial judge found him guilty on September 26, 1975 as a second offender, and he was sentenced to thirty-three years imprisonment at hard labor. Five assignments of error are urged on this appeal.

Assignments 1, 2, 3
During the habitual offender hearing the State offered, introduced and filed in evidence a machine copy of an arrest register and bill of information relating *637 to appellant's former conviction of simple burglary on July 15, 1974, together with a machine copy of the bill of information charging appellant with armed robbery and a copy of the record showing his conviction of that crime on September 26, 1975.
Defense counsel then said, "I will just offer a general objection to their introduction, Your Honor." Whereupon, the trial judge admitted the exhibits into evidence, and ordered that defense counsel's objection be noted.
The law is explicit on this subject. Article 841 of the Code of Criminal Procedure provides that an irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence. At the time the ruling or order of court is made the party concerned must "make[s] known to the court the action which he desires the court to take, or of his objections to the action of the court, and the grounds therefor." (emphasis added).
A general objection does not satisfy these requirements. The court was not informed of the action the defense desired it to take in connection with the ruling, nor did defense counsel set forth the grounds for the objection. Consequently, if error had occurred, the trial judge was unable to employ the remedial action indicated by a valid objection and thereby avoid a reversal and a new trial with the resulting expense and time consumed to the detriment of judicial economy and the administration of justice. State v. Burnette, 337 So.2d 1096 (La.1976); State v. Sosa, 328 So.2d 889 (La. 1976).
Furthermore, no error is apparent. All of the documents introduced were part of the records of the court in matters involving appellant. The trial judge may take judicial cognizance of these documents under the authority of Section 422 of Title 15 of the Revised Statutes. See State v. O'Day, 191 La. 380, 185 So. 290 (1938) and State v. Schlessinger, 38 La.Ann. 564 (1886).

Assignment 5
Error is alleged to have occurred when the trial judge found appellant guilty as an habitual offender on the evidence presented by the State. Again it must be noted that no proper objection was made as required by Article 841 of the Code of Criminal Procedure.
Referring to Section 529.1(F) of Title 15 of the Revised Statutes, the contention in brief is that the State should have produced properly authenticated certificates of the warden or other chief officer of the prison in which appellant was confined for his first offense under the seal of his office containing appellant's name, photographs, and fingerprints as they appear in the records of his office, a statement of the court in which the conviction was had, the date and time of sentence, length of time imprisoned, and date of discharge from prison.
Although by the terms of Section 529.1(F) the properly authenticated certificates of the warden on these documents constitute prima facie evidence of the imprisonment and discharge of the person under the conviction set forth in the certificate, the necessary facts constituting proof that the accused is an habitual offender may be established by other competent evidence. The proof set forth in Section 529.1(F) is neither sacramental nor exclusive to such a showing. State v. Jones, 332 So.2d 461 (La.1976); State v. Montana, 332 So.2d 248 (La.1976).
Here defendant's conviction of the prior felony was established by the court minutes reflecting a guilty plea on the true copy of the bill of information. His identity was proven by his fingerprints taken in open court and compared by an expert with those on the arrest record of the previous felony corresponding together with the bill of information forming the basis for that conviction.
There is no merit to this assignment.

Assignment 7
While examining Andrew Lanclos, a bus driver and a State witness in this armed robbery trial, the State established these facts: In the early morning hours of July 3, 1975, Lanclos stopped his bus at *638 South White and Washington Streets. What appeared to be a toy pistol on the street caught his eye. He picked it up, and realized it was a real gun. Later on his route his supervisor advised him to turn the pistol over to the police, which he did when two policemen arrived. He identified it on the stand, and recognized Officer Miller as the policeman who recovered the pistol.
Previously, Officer Miller testified that he received a call that morning from Andrew Lanclos, who delivered the pistol to him which he marked with property and evidence tags. He then identified the same pistol Lanclos had identified as the pistol he found in the street. Officer Miller testified also that he apprehended appellant near the place where the gun was found after a pursuit in which appellant drove 90 miles per hour. During the chase they passed the corner of South White and Washington Streets.
The victim of the robbery had identified appellant as the robber, stated that he had a revolver, and identified the pistol as the robbery weapon. When the State offered the gun in evidence, the defense objected that the proper connexity had not been shown.
It is sufficient for the introduction of demonstrative evidence that the foundation show that it is more probable than not that the object is connected with the case. State v. Walker, 296 So.2d 310 (La.1974). Lack of positive identification or a defect in the chain of custody goes to the weight of the evidence rather than its admissibility. The weight to be given to the evidence is ultimately a question for the jury. State v. Hunter, 343 So.2d 143 (La.1977). State v. Freeman, 306 So.2d 703 (La.1975); State v. Dotson, 260 La. 471, 256 So.2d 594 (1972). On the basis of these rules there is no merit to the defense objection.
For the reasons assigned, the conviction and sentence are affirmed.