425 So.2d 704 (1982)
STATE of Louisiana
v.
Floyd Lee PEARSON.
No. 82-KA-0197.
Supreme Court of Louisiana.
September 7, 1982.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Paul Carmouche, Dist. Atty., Carey T. Schimpf, Catherine M. Estopinal, Asst. Dist. Attys., for plaintiff-appellee.
Timothy R. Fischer, Indigent Defender Office, Shreveport, for defendant-appellant.
WILLIAM H. BYRNES, III, Justice Pro Tem.[*]
Defendant, Floyd Lee Pearson, was charged by bill of information with purse snatching in violation of La.R.S. 14:65.1. The facts of the case are as follows.
On September 29, 1980, Jeanette Butcher, a 62 year old resident of Shreveport, was walking across the parking lot of Kroger's Super Market on Jewella St. when the defendant grabbed her purse and starting running. Mrs. Butcher was dragged down the street on her knees when she did not immediately release the purse. When two witnesses came to Mrs. Butcher's assistance the defendant released the purse and fled. The witnesses then pursued the defendant and detained him until the police arrived. At first the defendant denied the offense, but later gave a statement admitting the facts as set forth above.
On November 14, 1980 defendant pled not guilty to the charge of purse snatching and his counsel moved for the appointment of a Sanity Commission. That Commission found the defendant competent to stand trial and assist in his own defense. Thereafter on August 16, 1981, the defendant pled guilty to the reduced charge of simple robbery pursuant to a plea bargain with the District Attorney's Office. That agreement provided for a maximum potential exposure of four years. The exact length of the sentence was to depend upon the facts brought out at a pre-sentence hearing. The trial court agreed to bind itself to the conditions of this bargain.
*705 The sentencing hearing was conducted on September 22, 1981. At that hearing the defendant's mother testified that the defendant had emotional problems which she felt were drug related. A friend of the family testified that he felt the defendant had been led astray by friends who took advantage of the defendant's instability. The State submitted the findings of the Sanity Commission which concluded that the defendant knew his actions were wrong at the time of the offense and that he realized the potential consequences of those actions. On November 10, 1981, defendant was sentenced to three and one half years at hard labor. Defendant has appealed, urging as his only assignment of error, the excessiveness of his sentence.
The defendant contends that the trial judge either failed to consider his mental condition as a mitigating factor in determining his sentence or did not accord that condition sufficient weight. We find that the trial court gave adequate consideration to all relevant factors in fixing the defendant's sentence and therefore affirm.
The record in this case reveals that the trial judge articulated the factual basis for his imposition of sentence in accordance with Louisiana Code of Criminal Procedure Art. 894.1 and thus preserved an adequate record for this court to review. State v. Jackson, 360 So.2d 842 (La.1978).
To determine if a given penalty is excessive it is necessary to determine if that penalty is grossly disproportionate to the crime. State v. Goode, 380 So.2d 1361 (La. 1980). This court has held that to determine if a penalty is grossly disproportionate to the offense the court must "consider the punishment and the crime in light of the harm to society caused by its commission and determine whether the penalty is so disproportinate to the crime committed as to shock our sense of justice." State v. Bonanno, 384 So.2d 355 (La.1980); State v. Beavers, 382 So.2d 943 (La.1980).
In the instant case defendant's sentence does not appear to be grossly disproportionate to the offense committed. The trial judge took particular notice of the fact that the defendant was on probation for a similar crime when he committed the present offense. The court felt this indicated the defendant would be an undue risk if placed on additional probation. Moreover the court noted that the defendant did not act under any strong provocation, that the victim did not in any way encourage or facilitate the crime, and that compensation to the victim was not forthcoming. Due consideration was given to all relevant mitigating factors in this case. The judge noted that the defendant had emotional problems but did not consider them severe enough to excuse his conduct. Given the defendant's history of criminal activity and the apparent likelihood of its recurrence the court felt that correctional treatment in a confined environment was the only appropriate punishment.
The maximum length of such confinement had previously been agreed upon in the plea bargain negotiations. The trial judge imposed a sentence slightly less than the four year maximum agreed upon. This shows that mitigating factors were considered by the trial judge and had an effect on his sentencing decision.
Absent "manifest abuse of discretion" by the trial court a sentence should not be set aside as excessive. State v. Molinario, 400 So.2d 596 (La.1981); State v. Jacobs, 383 So.2d 342 (La.1980); State v. Spencer, 374 So.2d 1195 (La.1979). The record in this case shows that the trial judge considered all relevant factors under the Code of Criminal Procedure, Art. 894.1 in reaching his sentencing decision. We find no manifest abuse of discretion in the factors he considered or the weight given to those factors and therefore affirm the defendant's sentence.
NOTES
[*] Judges Charles R. Ward, William H. Byrnes, III and David R.M. Williams of the Court of Appeal, Fourth Circuit, participated in this decision as Associate Justices pro tempore, joined by Chief Justice Dixon and Associate Justices Marcus, Blanche and Lemmon.