442 So.2d 681 (1983)
STATE of Louisiana
v.
Rubin WADE.
No. 83-KA-0206.
Court of Appeal of Louisiana, First Circuit.
November 22, 1983.
*682 Ossie B. Brown, Dist. Atty. by Richard Chaffin, Asst. Dist. Atty., Baton Rouge, for plaintiff-appellee.
Leon Jackson, Asst. Public Defender, Baton Rouge, for defendant-appellant.
Before LOTTINGER, EDWARDS and ALFORD, JJ.
EDWARDS, Judge.
Defendant, Rubin Wade, was indicted by the Grand Jury and charged with having committed aggravated rape (R.S. 14:42) and aggravated burglary (R.S. 14:60). After entering a plea of not guilty, defendant was tried by jury and found guilty of both crimes. For the aggravated rape conviction, defendant was given the mandatory sentence of life imprisonment at hard labor without benefit of probation, parole, or suspension of sentence. For the aggravated burglary conviction, defendant was sentenced to 29 years at hard labor, to be served consecutively to the aggravated rape sentence.
Defendant now appeals his convictions and sentences, alleging 31 assignments of error. However, defendant has only briefed 15 of these on appeal, the remainder being neither briefed nor argued. Such assignments are considered abandoned. State v. Williams, 418 So.2d 562 (La.1982); Rule 2-12.4, Uniform Rules, Courts of Appeal.
Fourteen of defendant's assignments (Nos. 13-25, 27) are consolidated on appeal, since they make the same objection, i.e., that the trial judge erred in allowing two defense witnesses to plead their Fifth Amendment privilege against self-incrimination. Defendant's remaining assignment alleges that the trial judge imposed an excessive sentence. For the reasons expressed below, we affirm both of defendant's convictions and his sentence for aggravated rape, but vacate the sentence for aggravated burglary and remand for resentencing.

BACKGROUND FACTS
The victim, Jane Doe,[1] was sleeping in her bed when she was awakened by the smell of cigarette smoke at around 5:00 a.m. She saw a man standing in her bedroom door. She grabbed the phone to call for help, but the intruder took it away from her. Doe's son, awakened by his mother's screams, came to the bedroom door. Her *683 daughter, in a baby bed in the bedroom, started crying. The man threatened to kill everyone in the house, which included three other children, if the boy did not go back to his room and the girl didn't stop crying. After calming the children, Doe was raped by the intruder, who held a gun to her neck.
Because of the early morning light and the perpetrator's close proximity to her, Doe got a good look at the man's face. She subsequently identified the defendant as the perpetrator in a photo lineup and later at trial.

PRIVILEGE AGAINST SELF-INCRIMINATION
During the trial, defendant called Ronald Butler and Alvin Keller as witnesses. Defendant was attempting to elicit from them testimony concerning an alleged conversation in which Butler told Keller that he had raped Doe but the defendant was taking the "rap" for it.
However, each witness invoked his Fifth Amendment privilege against self-incrimination in response to certain questions. Over defendant's objections, the trial judge allowed the witnesses to assert their privileges. Defendant contends that the trial judge's rulings denied him his right under Article I, section 16 of the Louisiana Constitution of 1974 to compel the attendance of witnesses and the right to present a defense. Furthermore, defendant asserts that the trial judge should have granted the witnesses judicial immunity to compel their testimony.
Although the U.S. and Louisiana Constitutions give a defendant the right to bring his witnesses to court and have nonprivileged testimony heard, they do not act to displace a proper claim of the privilege against self-incrimination. State v. Mattheson, 407 So.2d 1150 (La.1981). Where a defendant may assert his privilege as an excuse for refusing to take the stand, a witness may assert the privilege only with respect to particular questions, with the trial judge ruling on the viability of each assertion. State v. Coleman, 406 So.2d 563 (La.1981). Moreover, the protection must be confined to instances where the witness has reasonable cause to apprehend danger from a direct answer. State v. Coleman, supra.
Additionally, the trial judge has no statutory authority to grant witness use immunity, except when requested to do so by the District Attorney and Attorney General pursuant to La.Code Crim.P. Art. 439.1, a situation not present in this case. Nor does the due process clause require that witness use immunity must be ordered whenever it seems fair to grant it. State v. Edwards, 419 So.2d 881 (La.1982); State v. Mattheson, supra. At the outset, it must be noted that no request was made by defendant at trial for the witnesses to be granted immunity. Hence, the issue of judicial immunity was not presented to the trial court for consideration. In this posture, we cannot on the record before us conclude that the witnesses were entitled to immunity.
It is clear from the transcript of testimony that the trial judge made his decision on the witnesses' right to invoke their Fifth Amendment privilege by ruling question by question, following the guidelines in State v. Coleman, supra. The record shows that Butler asserted his Fifth Amendment privilege in response to direct questions concerning the alleged conversation between him and Keller and whether he raped Doe. As direct answers to these questions could certainly incriminate Butler, the trial judge acted properly in upholding his privilege.
Regarding the testimony of Keller, defendant contends that the court improperly allowed him to assert his Fifth Amendment privilege in response to an inquiry regarding whether he and Butler had discussed the rape of Doe. However, the record reveals that Keller answered this question and denied having discussed the victim's rape with Butler.
Closer inspection reveals that the only time Keller invoked his Fifth Amendment *684 privilege was in response to the question, "Did you and Ronald Butler talk about rape?" A subsequent question as to whether he and Butler discussed the victim's rape was then answered negatively. Defendant's above contention simply has no basis in the record and is without merit. Moreover, Keller's assertion of its Fifth Amendment privilege to such a vague, incriminating question was properly upheld by the trial judge.

EXCESSIVE SENTENCE
In this assignment, defendant complains that the sentences imposed are excessive and violate his constitutional right against cruel and unusual punishment. La. Const. Art. I, sec. 20. Since the life sentence for aggravated rape is mandatory and has been held constitutional [State v. Farria, 412 So.2d 577 (La.1982)], our inquiry regarding excessiveness of sentence will relate only to the sentence of 29 years at hard labor for aggravated burglary (maximum sentence: 30 years), to be served consecutively to the life sentence.
The imposition of an excessive sentence is prohibited by La. Const. Art. I, sec. 20. Although within the prescribed statutory limits, a sentence may still violate a defendant's right against excessive punishment where it is grossly disproportionate to the severity of the crime, or it is nothing more than the needless imposition of pain and suffering. State v. Donahue, 408 So.2d 1262 (La.1982); State v. Reed, 409 So.2d 266 (La.1982). Maximum sentences are imposed in the most serious violations of the described offense and for the worst offender. State v. Jones, 398 So.2d 1049 (La.1981).
The trial judge's reasons in imposing sentence, as required by La.Code Crim.P. Art. 894.1, are an important aid to this court when reviewing a sentence complained of as excessive. State v. Jacobs, 383 So.2d 342 (La.1980). As stated in State v. Howard, 414 So.2d 1210, 1216 (La.1982):
"Adequate review mandates that the trial judge state specific reasons for an apparently severe sentence in relation to the particular offender and the actual offense. While the trial judge need not articulate every aggravating and mitigating circumstances presented in La.C. Cr.P. Art. 894.1, the record must reflect that he adequately considered these guidelines in particularizing the sentence to the defendant. State v. Guiden, 399 So.2d 194 (La.1981). The trial judge's reasons in imposing sentence are an important aid to this court when called upon to exercise its constitutional function to review a sentence complained of as excessive. State v. Spencer, 374 So.2d 1195 (La.1979)."
In imposing sentence, the trial judge ought to consider such factors as the defendant's personal history, his prior criminal record, the seriousness of the crime, the circumstances of the offense, the likelihood that defendant will commit another crime, and his potential for rehabilitation through correctional services other than confinement. State v. Jackson, 360 So.2d 842 (La.1978). The imposition of consecutive sentences, which requires particular justification when the crimes arise from a single course of conduct, is justified when the offender poses an unusual risk to public safety due to his past conduct or repeated criminality. State v. Lewis, 416 So.2d 921 (La.1982); State v. Carter, 412 So.2d 540 (La.1982).
In the instant case, the record is devoid of the transcript of the sentencing hearing, even though defendant designated such transcript by motion as part of the appellate record. The record does contain a minute entry, dated November 3, 1982, stating that a sentencing hearing was held on this date. The entry notes the sentence given to defendant for aggravated rape and aggravated burglary, and then lists the following as the factors considered by the court in sentencing:
"(1) Sentence as to Count I is a mandatory one; Court has no discretion;
(2) Accused refused acknowledge to [sic] guilt;

*685 (3) Accused apparently perjured himself through his witnesses;
(4) Evidence was overwhelming that the accused was guilty;
(5) These were henious and vicious crimes."
Additionally, no presentence investigation report was prepared, and the only evidence of defendant's past criminal record revealed during the trial was defendant's admission of being twice convicted for illegal possession of weapons.
In light of the authority discussed above, we find that the factors listed in the minute entry do not adequately reflect a sufficient compliance with La.Code Crim.P. Art. 894.1. Except for (5), the reasons given are either irrelevant or highly subjective in regards to the sentence imposed for aggravated burglary. Although noncompliance with Art. 894.1 does not necessitate a remand for resentencing where the record otherwise clearly illumines the sentencing charge, the record before us fails to present a reasonable basis to sustain the severe sentence of 29 years at hard labor, served consecutively. State v. Lewis, supra; State v. Robicheaux, 412 So.2d 1313 (La.1982); State v. Cox, 369 So.2d 118 (La. 1979). The record does not reflect, for example, that any investigation as to defendant's possible dangerous character or repeated criminality was made, which is a normal basis for consecutive sentences. State v. Carter, supra.
Accordingly, while we affirm both convictions and also the life sentence for aggravated rape, we vacate and set aside the consecutive 29 year sentence for aggravated burglary. Our decision represents a finding of a substantial possibility that the sentence for aggravated burglary is excessive and not a final judgment that it is invalid. The same sentence will be upheld on a second appeal if the record and the trial judge's reasons demonstrate that the sentence is not excessive under the circumstances of the particular case. Thus, the sentence is vacated and the case remanded for resentencing in compliance with La. Code Crim.P. Art. 894.1, with individualization of the sentence by stating for the record the considerations taken into account and the factual basis therefor. State v. Robicheaux, supra.

DECREE
For the foregoing reasons, defendant's convictions and life sentence for aggravated rape are affirmed, but his sentence for aggravated burglary is vacated and the case is remanded for resentencing.
BOTH CONVICTIONS AFFIRMED; SENTENCE FOR AGGRAVATED RAPE AFFIRMED; SENTENCE FOR AGGRAVATED BURGLARY VACATED, AND CASE REMANDED FOR RESENTENCING.
NOTES
[1] This is an assumed name used to protect the identity of the victim.