DOUCET, Judge.
Defendant, Thomas J. Ratigan, plead guilty to simple burglary, unlawful flight from an officer and speeding 100 m.p.h. in a 55 m.p.h. zone. Thereafter, a pre-sen-tence report was ordered. Subsequently defendant, age 18 at the time, was sentenced to six years at hard labor on the simple burglary conviction. He now appeals his burglary sentence as excessive.
As aforementioned, the defendant is young. He has no prior adult criminal record, however, he was adjudged a juvenile delinquent on two prior occasions. The facts leading to the present sentence are as follows: The defendant broke into a relative’s business and stole a car. He was subsequently stopped by police, however, as the officer approached the vehicle, defendant fled in what became a chase through three parishes before apprehension was effected.
The wisdom of incarcerating a youth to imprisonment for a substantial term, with its accompanying consequences, is not for us to decide providing such a sentence does not contravene constitutional provisions. The legislature has afforded offenders below the age of majority certain leniency due to their lack of maturity. Thereafter, the legislature has seen fit to leave such factors to the discretion of the sentencing judge and youthfulness of the offender is certainly a factor which should be accorded weight pursuant to La.C.Cr. Pro. Art. 893.1.
A sentence is excessive if the penalty is grossly disproportionate to the crime. State v. Pearson, 425 So.2d 704 (La.1982); State v. Goode, 380 So.2d 1361 (La.1980). In determining whether the penalty is grossly disproportionate to the offense, the appellate court must “consider the punishment and the crime in light of the harm to society caused by its commission and determine whether the penalty is so disproportionate to the crime committed as to shock our sense of justice.” State v. Pearson, supra; State v. Bonanno, 384 So.2d 355 (La.1980); State v. Beavers, 382 So.2d 943 (La.1980). The trial judge has wide discretion in imposing sentences within statutory limits. Absent a manifest abuse of that discretion, the sentence imposed by the trial court will not be set aside as excessive. State v. Forshee, 395 So.2d 742 (La.1981); State v. Napoli, 428 So.2d 957 (La.App. 1st Cir.1983).
The crime of simple burglary carries a penalty of a fine up to $2,000.00 and/or imprisonment of not more than twelve years with or without hard labor. La.R.S. 14:62. Although the defendant is a youthful offender, the trial judge undoubtedly took this factor into account when imposing sentence. It cannot be said that he abused his discretion or that the sentence is unconstitutionally disproportionate to the crime. Accordingly, the defendant's sentence is affirmed.
AFFIRMED.