COLE, Judge.
Timmy Joseph Autin was charged by separate bills of information with armed robbery, in violation of La.R.S. 14:64, and attempted first degree murder, in violation of La.R.S. 14:30 and 14:27. Defendant pled not guilty to both charges. Subsequently, pursuant to a plea bargain, defendant withdrew his original plea of not guilty to the armed robbery charge and entered a plea of guilty thereto. By the terms of the plea bargain, the state nolle prosequied the attempted first degree murder charge and agreed to the condition defendant’s sentence for armed robbery not exceed twenty-five years imprisonment at hard labor subject to the conditions set forth in La. R.S. 14:64. Defendant was later sentenced by the trial court to serve twenty-five years imprisonment at hard labor, without benefit of parole, probation or suspension of sentence.
In bringing this appeal, defendant urges as his only assignment of error the sentence imposed is excessive.
FACTS
The factual background is revealed by the trial court’s narrative of the circumstances of the crime, which the court indicated was based upon the statements of defendant and the victim. On the night of the offense, defendant left a bar where he had been drinking and went to the home of an elderly lady (age 67), who lived alone. *1041 She was awakened by defendant’s knock at the door. When she opened the door, defendant told her he needed to make a telephone call to the sheriffs office. She invited him inside. He asked for and received a glass of water from her. She went to her kitchen; and, when she returned, he took her by surprise, threw her on the floor, and started stabbing her and trying to strangle her. After he thought he had killed her, he covered her body with a bedspread, took her purse, and ran out the door. The victim was stabbed once in her throat and two or three times below her breast. She was examined, treated, and released from the hospital on the night of the incident. Fortunately, her injuries were only relatively serious; and she suffers no impairment from them.
ASSIGNMENT OF ERROR
A sentence will be considered excessive if it is grossly out of proportion to the severity of the crime, or if it is nothing more than the purposeless and needless imposition of pain and suffering. State v. Sims, 410 So.2d 1082 (La.1982). To determine if a sentence is grossly disproportionate, the court must consider the punishment and the crime in light of the harm to society and determine whether or not the penalty is so disproportionate that it shocks our sense of justice. State v. Pearson, 425 So.2d 704 (La.1982).
A trial court’s reasons in imposing sentence, as required by La.Code Crim.P. art. 894.1, are an important aid to this court when reviewing a sentence alleged to be excessive. State v. Wade, 442 So.2d 681 (La.App. 1st Cir.1983), writ denied, 444 So.2d 1245 (La.1984). Given compliance with the sentencing criteria of La.Code Crim.P. art. 894.1, the sentence imposed will not be set aside in the absence of manifest abuse of discretion. State v. Wardlow, 448 So.2d 257 (La.App. 1st Cir.1984).
The trial court has wide discretion in the imposition of a sentence within statutory limits.[1] State v. Sepulvado, 367 So.2d 762 (La.1979). However, herein, as previously stated, defendant’s maximum penalty exposure had been expressly limited by the conditions of the plea bargain to a term of imprisonment equal to the imprisonment actually imposed by the sentencing court, i.e., twenty-five years.
A review of the record in this case reveals the trial court carefully particularized the sentence, considering mitigating and aggravating factors as set forth in La.Code Crim.P. art. 894.1 as they apply to defendant. The court noted defendant is 24 years of age, in good health, is not married, and has no dependents. The court stated defendant has a substantial history of prior criminal activity, which includes arrests for felony theft, simple and aggravated battery, aggravated assault, disturbing the peace, simple criminal damage to property, and possession and cultivation of marijuana. Defendant’s convictions include convictions for unauthorized use of a movable, simple criminal damage to property, and possession of marijuana.
Defendant errs in brief by asserting his record of convictions, rather than the charges filed against him, should be “the controlling factor” in sentencing. Prior criminal activity which the court may consider when sentencing a defendant is not limited to prior convictions. State v. Johnson, 446 So.2d 1371 (La.App. 1st Cir.), writ denied, 449 So.2d 1347 (La.1984).
The trial court further noted it had received an incident report from the detention facility where defendant was incarcerated. The report indicated, while incarcerated pending sentencing, defendant had committed batteries on other inmates and had threatened inmates and guards at the detention facility.
The court further opined, in regard to the instant offense, defendant had exhibited a callous disregard for human life by his unprovoked attack upon the victim. His conduct threatened serious harm or death to the victim, avoided only by her quick *1042 thinking in pretending to be dead. The court noted there were no grounds tending to excuse or justify defendant’s attack. It commented, although defendant was probably under the influence of alcohol and illegal drugs, the calculated, cunning, and cold blooded manner in which he committed the crime left no doubt he knew what he was doing and appreciated he was placing the victim in risk of serious harm. The court further opined defendant poses a serious danger to the community and nothing in defendant’s background or indications of his present character suggests he is likely to reform himself in the near future. The court also stated a lesser sentence would deprecate the seriousness of the offense. Additionally, the court noted defendant is in need of a custodial environment and the community needs to be protected from him. It concluded both interests can best be served by long-term incarceration.
We cannot say the sentence imposed is excessive under these circumstances. The trial court fully and carefully considered the range of available sentencing alternatives and individualized the sentence to the particular defendant and the particular crime involved. This assignment of error is without merit.
CONVICTION AND SENTENCE AFFIRMED.

. La.R.S. 14:64 provides statutory penalty limits for armed robbery of not less than five nor more than ninety-nine years imprisonment at hard labor, without benefit of parole, probation or suspension of sentence.