486 So.2d 906 (1986)
STATE of Louisiana
v.
Joseph STEWART.
No. KA 85 1347.
Court of Appeal of Louisiana, First Circuit.
March 25, 1986.
*907 Clayton M. Perkins Jr., St. Francisville, for defendant-appellant.
George H. Ware, Jr., Dist. Atty., Charles A. Shropshire, Asst. Dist. Atty., Clinton, for plaintiff-appellee.
Before EDWARDS, LANIER and PONDER,[*] JJ.
PONDER, Judge.
Defendant, Joseph Odis Stewart, was convicted of simple burglary, a violation of La.R.S. 14:62. He was sentenced to serve six years imprisonment at hard labor, and to pay costs of court. Additionally, the trial court ordered that if defendant be paroled he is to pay the cost of parole and make restitution in the amount of one-half of the victim's loss as a condition of parole.
In bringing this appeal, defendant urges two assignments of error as follows:
1. The trial court erred by denying defendant's motion for mistrial based upon the state's impeachment of a state witness.
2. The trial court erred by imposing an excessive sentence.

ASSIGNMENT OF ERROR NO. I
At the trial one of the state's witnesses denied that he and defendant had taken part in the burglary. Outside the presence of the jury he was shown a prior inconsistent statement to refresh his memory. Before the jury he again denied that defendant had participated in the crime. The state then asked that the witness be declared hostile and subject to cross examination. The court approved and the state proved and introduced the statement which connected defendant with the crime. The court denied defendant's motion for a mistrial.
Defendant did not object at trial to the refreshing of the witness' memory or to the insufficiency of the foundation.
An irregularity or error cannot be availed of after verdict unless the defendant has made known to the court his objection and the grounds therefor. La.C.Cr.P. art. 841; State v. Ford, 349 So.2d 300 (La.1977).
One may impeach his own witness with prior inconsistent statements if taken *908 by surprise by the testimony of such witness, or if the witness shows hostility toward him. Therefore, either surprise or hostility will permit impeachment by prior inconsistent statements, and both need not be present. La.R.S. 15:487; State v. Edwards, 419 So.2d 881 (La.1982); State v. Richardson, 459 So.2d 31 (La.App. 1st Cir. 1984).
The trial court's ruling that Michelli was a hostile witness, rendering him subject to impeachment by the state, is clearly supported by the record. The state was properly allowed to impeach the witness and introduce evidence of the prior inconsistent statement when the witness failed to admit making the prior statement after a proper predicate had been laid through which the witness was given an opportunity to admit, deny or explain the facts.[1]
This assignment lacks merit.

ASSIGNMENT OF ERROR NO. 2
Defendant contends that the trial court erred by imposing an excessive sentence of six years at hard labor.
The trial court has wide discretion to impose a sentence within the statutory limits. State v. Washington, 414 So.2d 313 (La.1982). This discretion is subject only to constitutional limitations on excessive sentence, and should not be disturbed in the absence of manifest abuse. State v. Burnette, 419 So.2d 835 (La.1982).
A sentence will be considered excessive if it is grossly out of proportion to the severity of the crime, or if it is nothing more than the purposeless and needless imposition of pain and suffering. State v. Sims, 410 So.2d 1082 (La.1982). To determine if a sentence is grossly disproportionate, the court must consider the punishment and the crime in light of the harm to society, and determine whether the penalty is so disproportionate that it shocks our sense of justice. State v. Pearson, 425 So.2d 704 (La.1982).
A trial court's reasons in imposing sentence, as required by La.C.Cr.P. art. 894.1, are an important aid to this court when reviewing a sentence alleged to be excessive. State v. Wade, 442 So.2d 681 (La. App. 1st Cir.1983), writ denied, 444 So.2d 1245 (La.1984).
Simple burglary is punishable by a fine of not more than two thousand dollars or imprisonment with or without hard labor for not more than twelve years, or both. La.R.S. 14:62.
A review of the record reveals that the trial court carefully considered mitigating and aggravating factors as set forth in La.C.Cr.P. art. 894.1. A presentence investigation showed that defendant's criminal arrest record included a prior arrest for simple burglary to which defendant entered a plea of guilty to trespassing. The trial court noted the existence of an undue risk that during a period of suspended sentence or probation, defendant would commit another crime. The trial court further felt that defendant had committed a serious felony, a well planned burglary; he required some correctional treatment, and less than incarceration would deprecate the seriousness of the crime.
We cannot say that the sentence imposed is excessive under the circumstances.

PATENT ERROR
However, we find a patent error in the sentence. The trial court ordered defendant to pay the cost of parole, if he is paroled, and to make restitution, in the amount of one-half of the victim's loss, as a condition of parole. The authority to impose conditions of parole relating to the *909 cost of parole (La.R.S. 15:574.4(H)(15)) and to restitution to any victim (La.R.S. 15:574.4(J)) has been vested by the legislature in the Board of Parole. Thus the trial court is without authority to impose any such conditions.
The conviction is affirmed. The sentence is vacated and the case remanded for resentencing.
CONVICTION AFFIRMED, SENTENCE VACATED AND THE CASE REMANDED.
NOTES
[*] Judge Elven E. Ponder, Retired, appointed to hear appeals Vice Judge John S. Covington, temporarily assigned to the Twenty-Fifth Judicial District Court.
[1] La.R.S. 15:493 provides as follows:

Whenever the credibility of a witness is to be impeached by proof of any statement made by him contradictory to his testimony, he must first be asked whether he has made such statement, and his attention must be called to the time, place and circumstances, and to the person to whom the alleged statement was made, in order that the witness may have an opportunity of explaining that which is prima facie contradictory. If the witness does not distinctly admit making such statement, evidence that he did make it is admissible.