CRAIN, Judge.
Albert Anderson was charged by bill of information with armed robbery. La.R.S. 14:64. He pled not guilty, was tried by jury and found guilty of the responsive verdict of attempted armed robbery. He was subsequently charged, adjudged and sentenced as second felony habitual offender. The court sentenced him to a term of fifty years at hard labor, without benefit of parole, probation or suspension of sentence. Defendant appeals urging five assignments of error:
1. The trial court erred by allowing into evidence, without proper qualification as an expert witness, the opinion of Carol E. Richard.
2. The trial court erred when it allowed testimony relating to a rap sheet.
3. The trial court erred when it allowed the state’s exhibits into evidence.
4. The trial court erred when it failed to dismiss the habitual offender petition.
5. The trial court erred when it imposed an excessive sentence.
Assignment of error one was not briefed on appeal and is, therefore, considered abandoned. Uniform Rules— Courts of Appeal, Rule 2-12.4.
ASSIGNMENTS OF ERROR NOS. 2, 3 AND 4:
By means of these assigned errors defendant contends that the trial court erred by its failure to dismiss the bill of information charging him as a second felony offender, based upon the insufficiency of the evidence presented to establish his second felony status. To substantiate the contention of insufficiency of the evidence, defendant asserts the trial court erred by allowing his alleged rap sheet, to be introduced into evidence and by allowing the testimony of Carol Richard concerning the rap sheet.
At the habitual offender hearing, the state introduced into evidence as state exhibit one, certified copies of the bill of information and pertinent minute entries relating to the predicate felony conviction, a January 18, 1971, conviction for simple rape. The state then called Carol E. Richard of the Louisiana State Police, Bureau of Criminal Identification, who qualified as an expert witness in the field of fingerprint identification in order to introduce state exhibit two, Anderson’s rap sheet. Defense counsel objected to Richard testifying regarding the rap sheet, essentially contending that use of and introduction of the rap sheet into evidence did not comply with the provisions of La.R.S. 15:529.1(F).[1] *785 In overruling defense counsel’s objection, the district court indicated taht the cited provisions were nonexclusive means of proving a prior felony conviction. Both during the habitual offender hearing and in brief, defense counsel conceded that the rap sheet was certified.[2]
Richard was shown state exhibit three, certified fingerprint arrest cards of an Albert Anderson, which she testified corresponded to the notations of arrest on the rap sheet. Richard then fingerprinted defendant in open court, compared those fingerprints to the fingerprints relating to the predicate conviction, and concluded that the two were the same. Thereafter, the state rested. Defendant also rested and moved for dismissal of the charges, contending that the state failed to prove, in accordance with La.R.S. 15:529.1(C),[3] that more than five years had not elapsed since the expiration of the sentence for the predicate felony conviction and the time of the last felony conviction. Defense counsel contended that the date of defendant’s discharge from the sentence on the predicate felony could not be proved from the rap sheet, but instead had to be proved in accordance with La.R.S. 15:529.1(F) by the certificates of the warden of the particular penal institution where defendant served the sentence. In adjudicating defendant a second felony offender, the trial court rejected defendant’s contentions and noted that the rap sheet showed defendant was received at Louisiana State Penitentiary at Angola on May 13, 1971, to serve a twelve year sentence for the prior felony conviction, and was discharged on May 7, 1977. The district court noted that the instant offense was committed on January 20, 1982, within the five year period from the date of defendant’s discharge.
In order to prove a defendant is an habitual offender, the state has to establish by competent evidence that the defendant was convicted of the prior felony. See, e.g. State v. Chaney, 423 So.2d 1092 (La.1982). La.R.S. 15:529.1 permits the establishment of prima facie proof of a prior felony conviction by compliance with subsection F. Nevertheless, jurisprudence has established that necessary facts which permit enhanced punishment may be proved by other competent evidence. State v. Curtis, 338 So.2d 662 (La.1976).
Various methods of proving identity have been recognized. In Curtis, 338 So.2d at 664, the supreme court stated:
We do not consider that identity of name of defendant and the person previously convicted is sufficient evidence of identity. Identification of the accused may be by testimony of witnesses, by expert opinion as to the fingerprints of the accused when compared with those in the prison record introduced, or by photographs contained in the duly authenticated record, (footnote omitted)
*786 In State v. Barrow, 352 So.2d 635 (La.1977), the court also found that 15:529.1(F) is a nonexclusive method of proof. It further found that evidence similar to that introduced in the case at hand was sufficient to establish multiple offender status. The court held as follows:
The proof set forth in section 529.1(F) is neither sacramental nor exclusive to such a showing. [Citations omitted] Here defendant’s conviction of the prior felony was established by the court minutes reflecting a guilty plea on the true copy of the bill of information. His identity was proven by his fingerprints taken in open court and compared by an expert with those on the arrest record of the previous felony corresponding together with the bill of information forming the basis of the conviction. Barrow 352 So.2d at 637.
Here, the state adequately proved by competent evidence the existence of the predicate felony conviction and that defendant was convicted of that felony. The state introduced certified copies of the bill of information and pertinent minute entries relating to the predicate conviction, the certified rap sheet and arrest cards, and the identification of defendant by the expert fingerprint analysis of Carol E. Richard.[4]
Additionally, the contents of the certified rap sheet constituted prima facie proof that defendant’s discharge from the sentence for the predicate conviction was May 7,1977, rendering his discharge within the five year period prior to the commission of the instant offense. See La.R.S. 15:529.-1(C).
Accordingly, the district court’s rulings were correct in admitting the certified rap sheet into evidence, in permitting Carol E. Richard to testify concerning the rap sheet, and in refusing to dismiss the habitual offender proceedings. These assignments are without merit.
ASSIGNMENT OF ERROR NO. 5:
By means of this assigned error defendant contends the trial court erred by imposing an excessive sentence. Defendant argues that pursuant to La.C.Cr.P. art. 894.1, certain mitigating factors should have been considered by the trial court, viz, that he acted under strong provocation because of the victim’s attempt to lure defendant’s daughter into an act of prostitution which tended to “excuse or justify” defendant’s criminal conduct.
A sentence will be considered excessive if it is grossly out of proportion to the severity of the crime, or if it is nothing more than the purposeless and needless imposition of pain and suffering. State v. Sims, 410 So.2d 1082 (La.1982). To determine if a sentence is grossly disproportionate, the court must consider the punishment and the crime in light of the harm to society and determine whether or not the penalty is so disproportionate that it shocks our sense of justice. State v. Pearson, 425 So.2d 704 (La.1982).
A trial judge’s reasons in imposing sentence, as required by La.C.Cr.P. art. 894.1, are an important aid to this Court when reviewing a sentence alleged to be excessive. State v. Wade, 442 So.2d 681 (La. App. 1st Cir.1983), writ denied, 444 So.2d 1245 (La.1984). The trial court need not recite the entire checklist found in La.C. Cr.P. art. 894.1. However, the record must reflect that the judge adequately considered the guidelines. State v. Davis, 448 So.2d 645 (La.1984). Given compliance with the sentencing criteria of La.C.Cr.P. art. 894.1, the sentence imposed will not be set aside in the absence of manifest abuse of discretion. State v. Wardlow, 448 So.2d 257 (La.App. 1st Cir.1984). Although a sentence is within statutory limits, it may still be adjudged excessive. State v. Sepulvado, 367 So.2d 762 (La.1979).
Defendant was found guilty of violating La.R.S. 14:27 and 14:64, attempted, armed robbery, which carries a penalty not to exceed forty-five and one-half years impris *787 onment at hard labor, without benefit of parole, probation or suspension of sentence. Defendant was, however, adjudged a second felony offender, subjecting him to punishment according to the provisions of La.R.S. 15:529.1A(1) which provides:
If the second felony is such that upon a first conviction the offender would be punishable by imprisonment for any term less than his natural life, then the sentence to imprisonment shall be for a determinate term not less than one-third the longest term and not more than twice the longest term prescribed for a first conviction[.]
Defendant, herein, received a sentence of fifty years imprisonment at hard labor without benefit of parole, probation or suspension of sentence.
A review of the record in this case reveals that the trial court ordered a presen-tence investigation report. In sentencing defendant as a second habitual felony offender, the court noted that, although defendant was charged as a second felony offender, the instant conviction is defendant’s fourth felony conviction, having additionally been convicted for felony theft, simple rape, and felon in possession of a firearm. Additionally, the court noted that defendant’s criminal record included eight misdemeanor convictions, some of which involved violence, mainly battery.
Contrary to defendant’s assertion, the trial court noted that the victim of the instant offense was himself involved in criminal conduct. The trial court stated that the victim “certainly was contributing and he had every intention of committing carnal knowledge of a juvenile. It just didn’t work out that way, so he will still have to answer for his conduct.” The court opined that the victim “may have facilitated the commission of the crime by taking [defendant’s] daughter to that motel, as I understood the testimony of your daughter during your trial ... she went there with your blessings.” The court concluded, however, that it could not say that the conduct of defendant’s daughter provoked defendant in the commission of the instant offense. The court further specifically noted the absence of any excuse or justification for defendant’s conduct. The trial court opined that attempted armed robbery requires sentence without benefit of parole, probation or suspension of sentence, but, even if that were not so, the trial court noted that parole or probation would entail an undue' risk to members of the community that defendant would commit another crime and most likely another crime of violence. The trial court further opined that anything less than incarceration would deprecate the seriousness of defendant’s conduct.
Given the trial court’s wide discretion to impose a sentence within statutory limits, we find the sentence imposed is not excessive. The record reflects that the trial court fully considered the range of sentencing alternatives and individualized the sentence to the particular defendant for the particular crime involved. This assignment of error is therefore without merit.
For the foregoing reasons we affirm the conviction and sentence.
AFFIRMED.

. La.R.S. 15:529.1(F) provides as follows:
F. The certificates of the warden or other chief officer of any state prison, or of the superintendent or other chief officer of any penitentiary of this state or any other state of the United States, or of any foreign country, or of any chief officer of any parish or county jail in this state or any other state of the United States, or of the clerk of court of the place of conviction in the state of Louisiana, under the seal of his office, if he has a seal, containing the name of the person imprisoned, the photograph, and the fingerprints of the person as they appear in the records of his office, a statement of the court in which a conviction was had, the date and time of sentence, length of time imprisoned, and date of discharge from prison or penitentiary, shall be prima facie evidence of the imprisonment and of the discharge of the person, either by a pardon or expiration of his sentence as the case may be under the conviction stated and set forth in the certificate.

. La.R.S. 15:585 provides as follows:
Any original record including fingerprints, pictures, photographs, other documents or data, or any copy thereof, when certified by the deputy secretary or his authorized representative, shall be admissible as evidence in all criminal cases in courts of this state. Any certified record, or copy thereof, received by the court shall be received as prima facie proof of its contents and proper and accurate collection and custody; provided, when the record is presented for admission into evidence it is accompanied by a statement signed by the deputy secretary or his authorized representative which specifies:
(1) The date on which the record was received by the bureau.
(2) The agency of origin of each record.
(3) The nature or type of record received and by what method of transfer.
(4) The date the bureau compiles the record for the purpose of evidence.
(5) The name of the bureau employee who prepares the record for admission as evidence.

. La.R.S. 15:529.1(C) provides:
[The Habitual Offender Law] shall not be applicable in cases where more than five years have elapsed since the expiration of the maximum sentence, or sentences, of the previous conviction, or convictions, and the time of the commission of the last felony for which he has been convicted. In computing the period of time as provided herein, any period of servitude by a person in a penal institution, within or without the state, shall not be included in the computation of any of said five year periods.

. We also note that the trial judge stated for the record that the defendant was tried and convicted of the prior felony before him and he had independent recollection of that conviction.