ALFORD, Judge.
Defendant, Ronald Eugene Freeman, was charged by bill of information with theft of an outboard motor having a value of $1,000.00 or more, in violation of LSA-R.S. 14:67. He pled not guilty and was tried by a jury, which unanimously convicted him as charged. Defendant was subsequently charged, adjudged and sentenced as a habitual felony offender. He received a sentence of eighteen years at hard labor for this offense. Defendant has appealed, urging fifteen assignments of error and briefing three:
*809 1. There was reversible error when the prosecution, in objection to defendant’s cross-examination of a state’s witness, stated, “If Mr. Freeman wishes to testify, he certainly can.”
6. The court erred when it denied defendant’s motion to produce statements of state witnesses for purposes of cross-examination.
8. Defendant’s sentence is excessive and/or constitutes cruel and unusual punishment.
Assignments of error numbers two through five, seven, and nine through fifteen were not briefed on appeal, and are, therefore, considered abandoned. Uniform Rules — Courts of Appeal, Rule 2-12.4.
FACTS
Deputy Sheriff Lynwood Lovell of the St. Mary Parish sheriff’s office is in charge of five boats and motors for the sheriff’s water patrol. He parks them in his mother’s yard due to its easy access to the Franklin Canal. He had parked a boat to which a 185 horsepower Evinrude outboard motor was attached in his mother’s yard at approximately 4:00 p.m. on March 26, 1985. Early the next morning, when he went to hook up this boat for water patrol, he discovered the outboard motor was missing.
On April 4, 1985, Mr. Terry McCartey, a supervisor at Area Pipe Inspection, telephoned the sheriff’s office and stated that he had recently purchased a motor which was similar to the one for which he heard they were looking. After several detectives identified the motor as having the same serial number as the one that was missing, the motor was returned to the sheriff’s office. Mr. McCartey told the police that three of his employees, defendant, Mark Thomas, and Norman Paul, sold him the motor for $500.00. The police subsequently questioned and arrested defendant, Thomas, and Paul for theft of the outboard motor.
Thomas testified at trial that the three of them took some tools and removed the motor from the sheriff’s boat. Defendant, however, maintained that he found the motor on the sidewalk near the sheriff’s boat. He testified that he, Thomas, and Paul loaded the motor into the back seat of a car and then transferred it to the trunk of defendant’s car. Defendant admitted that he participated in the sale of the motor to Mr. McCartey.
ASSIGNMENT OF ERROR NO. 1
Defendant contends it was reversible error for the prosecution to comment on defendant’s failure to testify in his own defense. Defendant chose to represent himself and failed to object to this alleged reference at trial. The prosecutor had objected to defendant’s form of questioning during cross-examination of a state’s witness because defendant was asking compound questions and attempting to testify. The prosecutor had stated, “If Mr. Freeman wishes to testify, he certainly can.” The court then allowed defendant to continue his line of questioning, but warned him against asking more than one question at a time.
An irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence and the grounds therefor specified. La.C.Cr.P. art. 841; State v. Stewart, 486 So.2d 906 (La.App. 1st Cir.1986). The reason for this rule is that any such objection should first be made in the trial court in order that the trial judge be presented with the opportunity to correct any such error. State v. Skipper, 387 So.2d 592, 594 (La.1980).
Further, in order to mandate a mistrial under La.C.Cr.P. art. 770 [1], the al *810 leged indirect reference must be intended to draw the attention of the jury to the defendant’s failure to testify or present evidence in his behalf. State v. Smith, 433 So.2d 688, 697 (La.1983). In our opinion, the prosecutor’s comment was directed to defendant’s improper questioning of a witness and was merely an enunciation of the reason for his objection. The record does not reflect that the reference, if any, was intended to focus the jury’s attention on defendant’s failure to testify or present evidence in his behalf. We note that defendant did, in fact, present three witnesses in his behalf at trial.
This assignment is therefore without merit.
ASSIGNMENT OF ERROR NO. 6
Defendant also argues that the trial court erred when it denied his motion for production of statements of state witnesses for purposes of cross-examination. He contends in brief that the denial of his motion is reversible error “because the witnesses participated in the commission of the crime and because the state cut a deal with them to testify against your defendant under immunity from prosecution.”
Defendant’s motion was filed after he was convicted at trial. He requested that the state produce Thomas’ testimony made at the suppression hearing and the trial on the merits, and any other statement in the state’s possession which related to the subject matter of which Thomas testified.
The trial court had refused to allow any recorded or transcribed statement of Thomas to be used at trial because Thomas was present in court to testify; therefore, the court denied defendant’s motion for production of statements after trial and before the habitual offender hearing. No statement was used at trial other than the live testimony of Thomas, and defendant was present and afforded the opportunity to cross-examine the witness.
It is clear that defendant failed to enunciate with sufficient particularity the legal basis for his motion, nor has he alleged that he suffered any prejudice as a result of the denial of the motion. We cannot say that the trial court committed reversible error. We therefore find that this assignment of error is without merit.
ASSIGNMENT OF ERROR NO. 8
Defendant contends his sentence is excessive and/or constitutes cruel and unusual punishment, based on the fact that the crimes committed (the instant offense and a previous simple burglary) were not violent crimes and did not cause injury or apprehension to be suffered by an individual.
La. Const, of 1974, art. I, section 20, as interpreted by the Louisiana Supreme Court, prohibits the imposition of excessive punishment. Although a sentence may be within statutory limits, it may violate a defendant’s constitutional right against excessive punishment and is subject to appellate review. State v. Sepulvado, 367 So.2d 762 (La.1979). Generally, a sentence is considered excessive if it is grossly disproportionate to the severity of the crime or is nothing more than the needless imposition of pain and suffering. A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks one’s sense of justice. See State v. Reed, 409 So.2d 266 (La.1982).
A trial judge is given wide discretion in the imposition of sentences within statutory limits, and the sentence imposed by him should not be set aside in the absence of manifest abuse of discretion. State v. Prados, 404 So.2d 925 (La.1981).
Upon reviewing the record, we find the trial judge gave reasons for sentencing defendant which conform to the guidelines set forth in La.C.Cr.P. art. 894.1. He noted that defendant was being sentenced as a second felony offender, the two felony crimes were committed within a very short time, and the second crime was committed while defendant was released on bond and awaiting sentence for his earlier conviction.
*811 The record further reveals that the trial judge took into consideration any mitigating factors which aid in the determination of suspension of sentence or probation. Although defendant advanced one mitigating factor that he submits was not adequately considered, the record evidences that the judge, did, in fact, recognize that defendant’s conduct did not cause serious harm to any person. However, the judge also recognized that defendant’s conduct “was a serious offense against the laws and the peace and dignity of the State of Louisiana.” The judge also considered the testimony of defendant’s character witnesses, as well as the presentence investigation report which revealed that defendant has a diesel mechanic’s trade and served four years in the military.
The statement of the trial judge’s reasons for sentence shows his close familiarity with defendant’s history and the circumstances of the instant crime. We find the sentence imposed herein is not an abuse of the much discretion granted to a trial judge. This assignment of error accordingly lacks merit. We therefore affirm defendant’s conviction and sentence.
CONVICTION AND SENTENCE AFFIRMED.

. La.C.Cr.P. art. 770 provides, in pertinent part:
Upon motion of a defendant, a mistrial shall be ordered when a remark or comment, made within the hearing of the jury by the judge, district attorney, or a court official, during the trial or in argument, refers directly or indirectly to:
******
(3) The failure of the defendant to testify in his own defense;
[[Image here]]