CIACCIO, Judge.
On appeal this Court reversed the defendant’s conviction after finding that the State had failed to prove that this defendant was a convicted felon in possession of a firearm. State v. Brown, 496 So.2d 417 (La.App. 4th Cir.1986). The Louisiana Supreme Court granted the State’s Application for writ of certiorari and remanded the case to this Court “for consideraction in light of State v. Chaney, 423 So.2d 1092 (La., 1982) and State v. Barrow, 352 So.2d 635 (La., 1977).” State v. Brown, 501 So.2d 202 (La.1987). Finding the cited decisions inapposite to the instant case, we maintain the reversal of the defendant’s conviction.
The Chaney case supra and the Barrow case supra, each concern multiple offender proceedings under Louisiana Revised Statute Title 15 Section 529.1. The Louisiana Supreme Court has consistently held that this statute does not make it a crime to be a multiple offender but merely provides for an enhanced penalty for persons convicted of second or subsequent offenses. State v. Langendorfer, 389 So.2d 1271 (La., 1980); State v. Montana, 332 So.2d 248 (La., 1976); State v. Sanders, 337 So.2d 1131 (La., 1976). In such a proceeding, the guilt or innocence of the accused is not at issue (this having been already determined by the judge or jury before whom the accused *640 was tried). State v. George, 218 La. 18, 48 So.2d 265 (1950). The State need only prove the existence of the prior conviction and the identity of the accused. State v. Dugas, 170 La. 5, 127 So. 345 (1930). The State may bear its burden of proof by presenting a prima facie case in complying with the certificate provisions set forth in the Habitual Offender Statute or by presenting other competent evidence as proof. LA.R.S. 15:529.1. State v. Lee, 364 So.2d 1024 (La.1978). The defendant may rebut the prima facie showing if he has the ability to do so but the burden of exonerating himself has shifted to him.
In Chaney, supra, an expert witness testified that due to the exact match of the pertinent information in the arrest card and the final disposition report, it could be established (albeit, by inference) that the defendant present before the Court was the same person who had been arrested and later convicted of the crime robbery.
In Barrow, supra, the defendant’s conviction of a prior felony was established by the court minutes reflecting a guilty plea on the true copy of the bill of information. The defendant’s identity was proven by his fingerprints taken in open court and compared by an expert with those on the arrest record of the previous felony corresponding together with the bill of information forming the basis for the conviction.
In Barrow, as in Chaney, the court apparently inferred from the corresponding information on the arrest register and the bill of information, together with the fingerprint analysis, that the person before the bench was the same one who had been previously arrested and convicted of a crime. In both cases the State made a prima facie case and the burden of establishing the defense of misidentification shifted to the defendants who did not sustain that burden. In a criminal prosecution, the defendant has no burden to exonerate himself. He may remain silent and offer nothing in his defense. The State has the entire burden of proving every element of the offense. A prima facie case is not enough, there must be proof beyond a reasonable doubt.
In this case the defendant was accused of being a convicted felon in possession of a firearm. LA.R.S. 14:95.1. These proceedings involved the trial of the defendant for the commission of a crime. The guilt or innocence of the accused was the only issue before the court. It was incumbent upon the State to prove that the defendant was guilty of every element of the crime beyond a reasonable doubt. That is, it was essential for the State to prove (1) the defendant was the person previously convicted of an enumerated felony; (2) in which ten years had elapsed since the completion of that sentence and, (3) the defendant had the requisite general criminal intent to commit the crime.
Unlike in Chaney and Barrow, supra, it was not enough for the State to present a prima facie case to prove that the defendant was the person who was previously convicted. Rather, the State had to prove the defendant’s guilt of this and every element of the offense beyond a reasonable doubt, and the State failed to do so.
The evidence offered in this case may have been competent proof (i.e., a prima facie showing) of the prior conviction of the defendant for the purpose of sentence enhancement. The State offered no direct evidence to prove that the defendant, Leonard Brown, was the same person who was earlier convicted in proceedings No. 242-291. In our original opinion we held that the pencilled notation (242-291) appearing on the arrest register was inadmissable hearsay because the custodian was unable to testify what the notation meant, or by whom or why it was inscribed.
Clearly this inadmissable hearsay was the link between the arrest record of “Leonard Brown”, and the proof of conviction appearing on the bill of information (No. 242-291) of a “Leonard brown”.
Accordingly, we find that the State’s circumstantial evidence was insufficient to prove that this defendant was the same person who was found guilty in the prior conviction. The circumstantial evidence did not exclude every reasonable hy *641 pothesis of innocence, since it did not exclude the hypothesis of misidentification. See LA.R.S. 15:438. And, unlike sentence enhancement proceedings, the burden did not shift to the defendant to present any evidence to support this reasonable hypothesis.
Since the State failed to prove an essential element of the offense we adhere to our original opinion which reversed the defendant’s conviction. However, under the mandate of State v. Tillman, we reverse the conviction and remand the case to the district court for a new trial. 356 So.2d 1376 (La., 1978).
REVERSED AND REMANDED.