LOTTINGER, Judge.
Defendant, David Leon Price, was charged by bill of information with a violation of La.R.S. 14:81, indecent behavior with a juvenile. He pled guilty as charged and was sentenced to the maximum term of five years imprisonment at hard labor. On his initial appeal, this Court, in an unpublished opinion vacated the sentence and remanded the case for resentencing because it appeared from the appellate record that the trial court had considered non-admitted evidence in sentencing defendant.[1] State v. Price, No. KA 87 0379 (La.App. 1st Cir. Oct. 14, 1985). Defendant was subsequently resentenced to the same five year term of imprisonment at hard labor. He now appeals that sentence, alleging only that the trial court failed to comply with the sentencing guidelines of La. Code Crim. P. art. 894.1 and imposed an excessive sentence.
The circumstances surrounding this offense were set forth in our previous opinion, cited above:
Factual background of the instant offense is revealed by the prosecutor’s statement of the facts at defendant’s Boykin hearing and by the presentence investigation report. The instant offense occurred in East Baton Rouge Parish during August of 1985 through March of 1986. The victim of the offense was a four-year-old boy.
Following defendant’s arrest and after he was given his Miranda rights, defendant made a tape recorded statement to the police. Defendant admitted that he performed oral copulation upon the victim on at least two occasions and that he fondled the child’s penis on at least twelve occasions. Defendant also admitted that he took nude photographs of the victim and that, prior to the commission of the acts referred to above, he administered the drug Thorazine to the child to make him sleepy.
Article I, Section 20, of the Louisiana Constitution prohibits the imposition by law of excessive punishment. Further, the jurisprudence reflects that a sentence may violate a defendant’s constitutional right against excessive punishment although the sentence is within its statutory limits. State v. Jones, 412 So.2d 1051 (La.1982). The trial court is given wide discretion in the imposition of sentences within the statutory limits. For this reason, a sentence should not be set aside as excessive absent *1092 a manifest abuse of discretion. State v. Washington, 414 So.2d 313 (La.1982).
A sentence will be considered excessive if it is grossly out of proportion to the severity of the crime or if it is nothing more than the purposeless and needless imposition of pain and suffering. State v. Sims, 410 So.2d 1082 (La.1982). To determine if a sentence is grossly disproportionate, the court must consider the punishment and the crime in light of the harm to society and determine whether or not the penalty is so disproportionate that it shocks our sense of justice. State v. Pearson, 425 So.2d 704 (La.1982). Maximum sentences are imposed in the most serious violations of the described offense and for the worst offenders. State v. Lanclos, 419 So.2d 475 (La.1982); State v. Jones, 398 So.2d 1049 (La.1981).
A trial court’s reasons in imposing sentence, as required by La. Code Crim. P. art. 894.1, are an important aid to this Court when reviewing a sentence alleged to be excessive. State v. Wade, 442 So.2d 681 (La.App. 1st Cir.1983), writ denied, 444 So.2d 1245 (La.1984). The trial court need not recite the entire checklist found in La. Code Crim. P. art. 894.1. However, the record must reflect that the court adequately considered the guidelines. State v. Davis, 448 So.2d 645 (La.1984). Even when the trial court has not complied with La. Code Crim. P. art. 894.1, this Court need not remand the case for resentencing, unless the sentence imposed is apparently severe in relation to the particular offender or the offense committed. State v. Davis, 448 So.2d at 653.
At the time the instant offense was committed, La. R.S. 14:81 provided that indecent behavior with a juvenile was punishable by a fine of not more than five thousand dollars or imprisonment with or without hard labor for not more than five years, or both. Herein, defendant was sentenced to imprisonment at hard labor for five years; no fine was imposed.
We have reviewed the extensive reasons given by the trial court in resen-tencing defendant. We find that the requirements of La. Code Crim. P. art. 894.1 were fully met. Moreover, based upon the circumstances of the instant offense and defendant’s admitted history of similar conduct with small children, we find that defendant undoubtedly is deserving of the maximum prison term for this offense. Therefore, defendant’s sole assignment of error lacks merit.
Therefore, the sentence is affirmed.
SENTENCE AFFIRMED.

. At the resentencing proceeding, the trial court noted: “There is a sentencing file in this particular matter that the First Circuit neglected to come down and pick up.” We know of no such duty on the part of this Court. The appellate record gave no indication of the existence of any such file, nor of the trial court’s reliance upon it. When a trial court relies upon documents which would normally fall outside the appellate record, it should offer the documents as exhibits, as was done upon resentencing herein.